UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| J. CORY CORDOVA, M.D. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NO. _____ |
| | * | |
| LOUISIANA STATE UNIVERSITY | * | JUDGE _____ |
| HEALTH SCIENCE CENTER, | * | |
| ET AL. | * | MAGISTRATE JUDGE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the body corporate incorrectly identified, named and referred to as "Louisiana State University Health Science Center" in the caption and body of the Petition for Damages) ("the Board"), Dr. Karen Curry, Dr. Nicholas Sells and Kristi Anderson (collectively referred to herein as "LSU Defendants"), hereby file notice pursuant to 28 U.S.C. § 1441, *et seq.*, to remove the civil action filed by the plaintiff, J. Cory Cordova (referred to herein as "the Plaintiff") from the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana.

1.

A civil action bearing Docket No. 2019-2019 Div. D and entitled "J. Cory Cordova, M.D. v. Louisiana State University Health Science Center, et al." was commenced on March 29, 2019 in the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana, and that action is now pending in Lafayette Parish.[1]

---

[1] Exhibit "A" *in globo* – Certified State Court Record dated August 7, 2019, pp. 2-16 (Petition for Damages).

2.

In the Petition for Damages, the plaintiff identifies, names and/or sues as defendants: (a) Louisiana State University Health Science Center, (b) Dr. Karen Curry, (c) Dr. Nicholas Sells, (d) Kristi Anderson, (e) University Hospital and Clinics ("UHC"), (f) Lafayette General Hospital ("LGMC"), (g) Christopher C. Johnston, and (h) the Gachassin Law Firm.

3.

The plaintiff alleges in the Petition for Damages that he entered into a contract with defendants to be a "House Officer" or resident in the internal medicine department at University Hospital and Clinics in Lafayette for a term between July 1, 2017 and June 30, 2018.[2]

4.

The plaintiff further alleges that as a resident, he possessed a due process property and/or liberty interest in his position and in the potential for future earnings – interests that the LSU Defendants are alleged to have violated through the imposition of "unwarranted discipline" and the non-renewal of the plaintiff's contract.

5.

The plaintiff specifically alleges that the LSU Defendants' actions violated his "due process rights established in the federal and state constitutions," citing the case of *Driscoll v. Stucker*, 04-0589 (La. 1/19/05), 893 So.2d 32, in support of the assertion.[3]

---

[2] Exhibit "A" *in globo*, pp. 4, 5, 6, 8, 10 (paragraphs nos. 10, 15-18, 20, 23, 35, 40 of the Petition for Damages).

[3] Exhibit "A" *in globo*, p. 10 (paragraphs nos. 41-42 of the Petition for Damages).

6.

Also stated in the Petition for Damages is that Dr. Karen Curry, Dr. Nicholas Sells and Kristi Anderson are made defendants in their individual capacities.[4]

7.

After the original petition was filed and because the plaintiff's claims were vague, counsel for UHC and LGMC filed exceptions of vagueness and nonconformity, prompting plaintiff's counsel to file an amended petition to "cure the exceptions filed and moot the upcoming hearing" on UHC and LGMC's exceptions.[5]

8.

On July 22, 2019, the plaintiff filed a First Amended Petition for Damages in which he – among other things – amends his original petition: (a) to remove Louisiana State University Health Science Center as a defendant, and (b) to identify, name and/or sue the Board as a defendant.[6]

9.

The plaintiff's First Amended Petition for Damages includes a request for service on the Board through the Attorney General and through the Office of Risk Management, as well as through specifically identified department heads.[7]

10.

The plaintiff's original Petition for Damages, on the other hand, wholly lacks a request for service on the Board, the Attorney General and/or the Office of Risk Management and includes only

---

[4] Exhibit "A" *in globo*, p. 2 (paragraph no. 2 of the Petition for Damages).

[5] Exhibit "A" *in globo*, pp. 183-198 (First Amended Petition for Damages); and Exhibit "B" *in globo* – July 19, 2019 email (with attachment) from plaintiff's counsel.

[6] Exhibit "A" *in globo*, p. 183 (paragraph no. 2 of the First Amended Petition for Damages).

[7] Exhibit "A" *in globo*, p. 198 (p. 16 of the First Amended Petition for Damages).

a request for service to be made on the Louisiana State University Health Science Center through its registered agent.[8]

11.

In fact, it was not until July 10, 2019, that the Attorney General and the Office of Risk Management each were served with citation and the Petition for Damages.[9]

12.

The plaintiff's submission of his First Amended Petition for Damages for filing was the first time since the inception of this case that the plaintiff filed a single document that: (1) properly identifies the Board as a defendant, (2) contemporaneously requests that the Board be served through the Attorney General and the Office of Risk Management in accordance with the requirements of LSA-R.S. 13:5107 and LSA-R.S. 39:1538[10], and (3) identifies a Fourteenth Amendment claim for violation of due process, thereby giving rise to subject-matter jurisdiction which supports and triggers the time delay for removal.

13.

This civil action now is one in which the United States District Court for the Western District of Louisiana unquestionably has jurisdiction by reason of 28 U.S.C. §§ 1331 and 1343 and because

---

[8] Exhibit "A" *in globo*, p. 2 (paragraph no. 2 of the Petition for Damages).

[9] Exhibit "A" *in globo*, pp. 182, 287 (citations).

[10] The plaintiff requested service of the First Amended Petition for Damages on the Board through: (1) the Office of Risk Management, (2) the Attorney General, and (3) the "Heads of the Department for the Board of supervisors, President F. King Alexander . . . and Chancellor of LSU Health Sciences Center and Dean of LSU School of Medicine, Dr. Larry Hollier." With respect to the Board, LSA-R.S. 39:1538 calls for service through the Attorney General, the Office of Risk Management, the department head and any others required by LSA-R.S. 13:5107 (i.e., the chairman of the Board, as opposed to the President of LSU and/or the chancellor/dean of LSU Medical School).

Page 4

claims asserted by the plaintiff allegedly arise under the Fourteenth Amendment to the U.S. Constitution.[11]

14.

A constitutional tort claim under 42 U.S.C. § 1983 is facially removable because it is a civil action founded on claims under the Constitution and/or laws of the United States.[12]

15.

Venue of the removed action is proper in this Court because the parish from which the state court action has been removed belongs to and/or forms part of the United States District Court for the Western District of Louisiana, Lafayette Division.[13]

16.

This Notice of Removal has been filed within thirty days of service of the plaintiff's Petition for Damages on the Attorney General and on the Office of Risk Management and within thirty days of receipt of the plaintiff's First Amended Petition properly identifying/naming the Board as a defendant. Therefore, this Notice of Removal is timely.[14]

---

[11] Exhibit "A" *in globo*, p. 192 (paragraph no. 46 of the First Amended Petition for Damages).

[12] *Quinn v. Guerrero*, 863 F.3d 353, 358-359 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 682, 199 L.Ed.2d 537 (2018); *Carr v. Capital One, N.A.*, 460 Fed.Appx. 461, 467-468 (5th Cir. 2012). *See also* 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 28 U.S.C. § 1441.

[13] *See* 28 U.S.C. § 1441(a).

[14] *See Crockett v. Louisiana Correctional Institute for Women*, 2018 WL 1313170 at *3, 4 (E.D. La. 2018) (recognizing that "[w]hen assessing whether removal was timely, the questions of if and when service occurred are questions of state law" and holding that "the thirty day removal clock never started to run" due to service deficiencies as to the State defendants and finding the defendants' notice of removal was timely) (citing *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 304-05 (5th Cir. 2014) (holding that removal was timely even though defendant filed notice of removal eight months after complaint was filed, and six months after default judgment was entered against defendant, because defendant was never properly served); and *In re Oil Spill*, MDL No. 2179, 2012 WL 4753418, at *2 (E.D. La. Oct. 4, 2012) (holding that thirty-day removal clock only starts when defendant has been "served with the citation *and* the attached petition") (emphasis added)).

17.

By filing this Notice of Removal, the LSU Defendants expressly consent to the removal to federal court.

18.

As evidenced by the signed consent forms (attached hereto as Exhibit "C" *in globo*) provided by their attorneys: (1) defendants, UHC, LGMC and Lafayette General Health System, Inc.[15], consent to the removal to federal court; and (2) defendants, the Gachassin Law Firm & Christopher C. Johnston, consent to the removal to federal court.

19.

All process, pleadings and orders filed in the state court action are collectively attached hereto as Exhibit "A" *in globo*.

20.

In accordance with the requirements of 28 U.S.C. § 1446(d), the LSU Defendants have this day given and served written notice of this removal on all parties by mailing a copy of this pleading and all attachments thereto to the plaintiff's counsel of record, Jacques F. Bezou, Sr. and Christine M. Mire.

21.

Undersigned counsel certifies that a Notice of Filing Notice of Removal (attached hereto as Exhibit "D"), along with a copy of this Notice of Removal (including all referenced exhibits), has

---

[15] The plaintiff identified, named and/or sued Lafayette General Health System, Inc. as a defendant in the First Amended Petition for Damages. Exhibit "A" *in globo*, p. 2 (paragraph no. 2 of the First Amended Petition for Damages).

contemporaneously been filed with the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, as is required by 28 U.S.C. §1446(d).[16]

22.

In accordance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this Notice of Removal are well-grounded in fact and are warranted by existing law and that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1441, *et seq.*

WHEREFORE, the LSU Defendants pray that this Notice of Removal be deemed good and sufficient as required by law, that the aforesaid action, "J. Cory Cordova, M.D. v. Louisiana State University Health Science Center, et al.," bearing Docket No. 2019-2019 Div. D on the docket of the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana, be removed from that court to the United States District Court for the Western District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which the LSU Defendants might be entitled, and that all

---

[16] Exhibit "D" – Notice of Filing Notice of Removal and attached Notice of Removal (without exhibits).

further proceedings in the state court be discontinued.

Respectfully Submitted,
JEFF LANDRY
Attorney General

BY: _/s/ Jennie Pellegrin_
JENNIE P. PELLEGRIN
La. Bar Roll No. 25207
jpellegrin@neunerpate.com
ELIZABETH BAILLY BLOCH
La. Bar Roll No. 37591
bbloch@neunerpate.com
NEUNERPATE
One Petroleum Center, Suite 200
1001 West Pinhook Road (zip 70503)
Post Office Drawer 52828
Lafayette, LA 70505-2828
TELEPHONE: (337) 237-7000   FAX: (337) 233-9450
*Special Assistants Attorneys General and Counsel for the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Dr. Karen Curry, Dr. Nicholas Sells and Kristi Anderson*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Notice of Removal (with exhibits) was forwarded on Wednesday, August 7, 2019 to:

- ☐ Counsel for the plaintiff by United States mail, properly addressed and postage prepaid;
- ☐ All remaining counsel by United States mail, properly addressed and postage prepaid;
- ☐ Counsel for the plaintiff by Registered United States mail, return receipt requested, properly addressed and postage prepaid;
- ☐ All remaining counsel by Registered United States mail, return receipt requested, properly addressed and postage prepaid;
- ☐ Counsel for the plaintiff by facsimile transmission with confirmation;
- ☐ All remaining counsel by facsimile transmission with confirmation;
- ☐ Counsel for the plaintiff by hand delivery;
- ☐ All remaining counsel by hand delivery;
- ☒ Counsel for the plaintiff by electronic transmission; and/or
- ☒ All remaining counsel by electronic transmission.

_/s/ Jennie Pellegrin_
COUNSEL