UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| J. CORY CORDOVA | CASE NO. 6:19-CV-1027 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| LSU AGRICULTURAL & MECHANICAL COLLEGE BOARD OF SUPERVISORS, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [docs. 7, 22] filed by defendants Louisiana State University Agricultural and Mechanical College Board of Supervisors ("LSU Board of Supervisors"), Dr. Karen Curry, Dr. Nicholas Sells, and Kristi Anderson under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).

## I.
### BACKGROUND

This suit arises from the termination of plaintiff Dr. J. Cory Cordova from his Internal Medicine residency/"house officer" program at the University Hospital and Clinics ("UHC") at Lafayette General Hospital in Lafayette, Louisiana. The house officer program at UHC is operated under contract with Louisiana State University Agricultural and Mechanical College ("LSU"). *See* doc. 1, att. 2, pp. 2–16 (original complaint); *id.* at 183–97 (amended complaint). Cordova filed suit in the 15th Judicial District Court, Lafayette

Parish, Louisiana, on March 29, 2019, against the LSU Board of Supervisors[1], UHC Internal Medicine program director Dr. Karen Curry, UHC Medicine Department Head/Section Chief Dr. Nicholas Sells, and LSU Director of Graduate Medical Education Kristi Anderson (collectively, "LSU defendants"); as well as attorney Christopher C. Johnston and the Gachassin Law Firm ("Gachassin defendants").[2] *Id.* He alleges, in relevant part, that the LSU defendants denied him his right to due process under the state and federal constitutions and committed a breach of contract under state law by dismissing him from the house officer program. *Id.* at 192–93. In his prayer for relief he asks for "all costs, [and] expenses of these proceedings, and attorney's fees . . . ." *Id.* at 197.

The LSU defendants removed the case to this court under 28 U.S.C. §§ 1331 & 1343. Doc. 1. They now move to dismiss the claims against them, alleging that (1) LSU Health Sciences Center (the entity named in the original complaint) is not the proper defendant; (2) Cordova has not identified the basis of his claim for costs and attorney fees; and (3) Curry, Sells, and Anderson cannot be held liable on the breach of contract claim because Cordova did not have a contract with them. Doc. 22, pp. 1–3. They also assert that Cordova has failed to properly effect service on any of the LSU defendants. Cordova opposes the motion in all respects. Doc. 25.

---

[1] The LSU Board of Supervisors was named as the "Louisiana State University Health Science Center" in the original complaint. Doc. 1, att. 2, p. 2. The name was corrected in the amended complaint, filed in the state district court on July 22, 2019. *Id.* at 183.

[2] Johnston allegedly represented Cordova during disciplinary proceedings without disclosing that he had a conflict of interest because he and his employer, the Gachassin Law Firm, also represented Lafayette General Medical Center, Dr. Sells, and academic dean Dr. James Falterman. Doc. 1, att. 2, pp. 194–95.

# II.
# LAW & APPLICATION

## A. *Rule 12(b)(6) Motion*

### 1. *Law*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## 2. Application

### a. Improper entity

Defendants first assert that claims against "LSU Health Sciences Center," as the LSU entity was described in the original complaint, must be dismissed because it is not the proper defendant and/or lacks the capacity to be sued under Louisiana law. Doc. 22, pp. 1–2. As they note, the Board of Supervisors of Louisiana State University Agricultural and Mechanical College ("LSU Board of Supervisors") is the proper defendant. *See Mire v. Bd. of Supervisors of La. State Univ.*, 2016 WL 4761561 (E.D. La. Sep. 13, 2016). Cordova named this entity as the defendant in his first amended complaint, however, and does not maintain any claims against "LSU Health Sciences Center." Note 1, supra; *see* doc. 1, att. 2, p. 183. Accordingly, this claim provides no basis for dismissal.

### b. Attorney fees claim

The LSU defendants next move for dismissal of Cordova's prayer for attorney fees and costs. Under Louisiana law attorney fees may generally only be recovered in a civil action under a statutory or contractual provision. *E.g.*, *F.D.I.C. v. Barton*, 233 F.3d 859, 865 (5th Cir. 2000). In a suit filed under 42 U.S.C. § 1983, however, the court has discretion to award costs and attorney fees to the prevailing party. *See* 42 U.S.C. § 1988(b). 42 U.S.C. § 1983 provides a damages remedy for a constitutional violation committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Due process violations like the kind alleged by Cordova are cognizable under § 1983. *See, e.g.*, *McMullen v. Starkville Oktibbeha Consol. Sch. Dist.*, 200 F.Supp.3d 649 (N.D. Miss. 2016). The LSU defendants fail to show that they are not state actors or acting under color

of state law for the purposes of this claim. Accordingly, there is no basis for dismissing the prayer for attorney fees against them.

### c. *Lack of contract with individual defendants*

Finally, the LSU defendants maintain that the breach of contract claims must be dismissed as to the individual defendants because Cordova did not contract with them. The House Officer Agreement is referenced in the complaint and attached to the LSU defendants' motion. *See* doc. 7, att. 2. It provides that it is an agreement between Cordova and the LSU Board of Supervisors, as represented by department head Sells and program director Curry. *Id.* at 1. It also provides that the agreement is not valid until executed by the house officer, the program director, the department head, and the associate dean for academic affairs. *Id.* at 7.

Under Louisiana law a mandatary (agent) who contracts in the name of a principal and within the limits of his authority is shielded from personal liability. La. C.C. art. 3016; *see, e.g.*, *Iberia Credit Bur., Inc. v. Cingular Wireless, LLC*, 2002 WL 35636338 (W.D. La. Jun. 28, 2002). The mandatary is only personally liable to a third party with whom he contracts if he exceeds his authority under the mandate. La. C. C. art. 3019. Here there is no allegation that Sells or Curry has exceeded his/her authority. Furthermore, Anderson is not mentioned at all within the terms of the agreement. The motion to dismiss should be granted as to the breach of contract claims against these defendants, without prejudice to the claims against Sells and Curry being reinstated if Cordova can amend and show a basis for their personal liability under Civil Code article 3019.

### B. *Rule 12(b)(4) & (5) Motion*

The LSU defendants next seek dismissal under Rules 12(b)(4) and 12(b)(5), asserting that Cordova failed to properly effect service on LSU. Under Rule 12(b)(4), a party may seek dismissal on the grounds that the process is inadequate. Under Rule 12(b)(5), a defendant may assert insufficient service of that process as a defense to a claim for relief. The plaintiff bears the burden of showing valid process or sufficient service. *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 744 (N.D. Tex. 2013); *Holly v. Metro. Transit Auth.*, 213 F. App'x 343 (5th Cir. 2007). Removal to federal court does not prevent a defendant from challenging the sufficiency of service. *See, e.g.*, *In re Katrina Breaches Litig.*, 309 F. App'x 833, 835–36 (5th Cir. 2009) (affirming Rule 12(b)(5) dismissal in removed action).

#### 1. *As to individual defendants*

The LSU defendants seek dismissal of the claims against the individual defendants based on allegations that Cordova failed to serve them "by personal delivery, domiciliary drop-off, or agent delivery" as required under Federal Rule of Civil Procedure 4(e) and Louisiana Code of Civil Procedure article 1231. Doc. 22, p. 6. The record shows that personal service was requested on each of these defendants, and that returns were filed by the Lafayette Parish Sheriff indicating that same was accomplished on April 10, 2019. Doc. 1, att. 2, pp. 111–13.

Defendants maintain that the citations were not personally served. Doc. 22, p. 8. To this end they present an affidavit from April Citizen, secretary to the dean of academic affairs at University Hospital and Clinics. Doc. 22, att. 1. Citizen states that she is not an

authorized agent for service, but nonetheless accepted a package from a law enforcement officer on April 4, 2019, containing the three citations in this matter and addressed to Karen Curry, Nicholas Sells, and Kristi Anderson. Doc. 7, att. 1, pp. 1–2. She further states that she delivered the citations and petitions to the defendants and obtained their signatures, and that the law enforcement officer returned to collect the returns of service when the defendants were not present. *Id.* at 2–3.

Under Federal Rule of Civil Procedure 4(e), service on an individual may be made by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Louisiana Code of Civil Procedure article 1232 provides that "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served." Service on a secretary or receptionist of the person to be served does not qualify as personal service under Louisiana law. *Roper v. Dailey*, 393 So.2d 85 (La. 1980). Accordingly, Ms. Citizen's acceptance of service and procurement of the individual defendants' signatures was insufficient. As Cordova shows, however, the record also reflects that Anderson, Curry, and Sells were personally served with copies of the amended complaint. *See* doc. 1, att. 2, pp. 284–86. Ms. Citizen does not indicate that she acted as intermediary for service of this petition, and the defendants allege no further deficiencies in its service.[3] Accordingly, the motion to dismiss is denied as to the individual defendants.

---

[3] The LSU defendants have not challenged service through the amended petition as untimely. To the extent that they would, however, this court is inclined to cure any defect by retroactively extending the service deadline, plaintiff's good cause to believe that service of the original complaint had been valid. *E.g., Bradley v. Amer. Elec. Power*, 2019 WL 4166521 (E.D. Tex. Sep. 3, 2019) (describing court's power to cure untimely service under Rule 4(m)).

### *2. As to LSU Board of Supervisors*

The LSU Board of Supervisors also moves for dismissal, asserting that it was not properly served and that the process was insufficient. Specifically, they argue that the process for the original petition named the wrong entity and that the petitions were not served on all parties required under Louisiana law. As noted above, plaintiff named a non-juridical entity in the original petition but corrected his error through the amended petition. Accordingly, any defect in the process was cured through the amendment and there is no basis for granting the 12(b)(4) motion.

Under Rule 4, a state or state-created governmental organization must be served through its chief executive officer or by serving the summons and the complaint in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Louisiana law provides that, when the state or a state agency is named as a defendant, process must be served on the head of the department concerned as well as the Office of Risk Management and the Attorney General, as well as any others required under Louisiana Revised Statute § 13:5107. La. Rev. Stat. § 39:1538(D); *see, e.g.*, *Norbert v. La. Med. Ctr.*, 2006 WL 8434948, at *1 (W.D. La. 2006).

The plaintiff first named the LSU Board of Supervisors as a defendant in his amended petition and requested service on that entity through (1) the Office of Risk Management, (2) the Attorney General, and (3) the "Heads of the Department for the Board of Supervisors, President F. King Alexander . . . and Chancellor of LSU Health Sciences Center and Dean of LSU School of Medicine, Dr. Larry Hollier." Doc. 1, att. 2, p. 198. The LSU defendants assert that Louisiana law calls for service on the chairman of the Board of

Supervisors, as opposed to the president of the university and the relevant deans/department heads. Doc. 22, p. 6 n. 9. As plaintiff notes, however, the above-cited statutes make no such specification. The Board's bylaws show that the president of the university also serves as secretary to the Board of Supervisors and that all communications to the board must be filed in writing with the president and transmitted by the president to the board.[4] *See* LSU BOARD OF SUPERVISORS, BYLAWS, arts. I, VI (Oct. 4, 2018), *available at* https://www.lsu.edu/bos/docs/bylaws-adopted-2018-10-04.pdf (last visited October 18, 2019). Accordingly, there is no apparent error in plaintiff's service on the LSU Board of Supervisors and the motion should likewise be denied as to this defendant.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss under Rule 12(b)(6) will be granted in part and denied in part as described above, Meanwhile, the Motion to Dismiss under Rules 12(b)(4) and 12(b)(5) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 24th day of October, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] In their reply the LSU defendants rely on a footnote in which a Louisiana court of appeal asserted that the chairman of the LSU Board of Supervisors was the proper "agent for service of process for [LSU Health Sciences Center] . . . ." *Hunter v. LSU Agr. & Mech. Coll.*, 77 So.3d 264, 268 n. 2 (La. Ct. App. 4th Cir. 2011). This is insufficient to show that service on the board's president was improper as to the board itself.