UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| J. CORY CORDOVA | CASE NO. 6:19-CV-1027 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| LSU AGRICULTURAL & MECHANICAL COLLEGE BOARD OF SUPERVISORS, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [docs. 8, 20] filed by defendants Christopher C. Johnston and the Gachassin Law Firm (collectively, "Gachassin defendants") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff J. Cory Cordova opposes the motion. Doc. 26.

### I.
#### BACKGROUND

This suit arises from the termination of plaintiff from his Internal Medicine residency/"house officer" program at the University Hospital and Clinics ("UHC") at Lafayette General Hospital in Lafayette, Louisiana. The house officer program at UHC is operated under contract with Louisiana State University Agricultural and Mechanical College ("LSU"). *See* doc. 1, att. 2, pp. 2–16 (original complaint); *id.* at 183–97 (amended complaint). Cordova filed suit in the 15th Judicial District Court, Lafayette Parish,

Louisiana, on March 29, 2019, against the LSU Board of Supervisors[1], UHC Internal Medicine program director Dr. Karen Curry, UHC Medicine Department Head/Section Chief Dr. Nicholas Sells, and LSU Director of Graduate Medical Education Kristi Anderson (collectively, "LSU defendants"). *Id.* He also named as defendants the Gachassin Law Firm and attorney Christopher C. Johnston, alleging that Johnston had represented him during disciplinary proceedings without disclosing that he had a conflict of interest relating to prior representation of Lafayette General Medical Center, Dr. Sells, and academic dean Dr. James Falterman. With respect to the Gachassin defendants, Cordova raised claims of legal malpractice and disgorgement of legal fees for conflict of interest. *Id.* at 195–96. In his prayer for relief he asks for "all costs, [and] expenses of these proceedings, and attorney's fees . . . ." *Id.* at 197.

The LSU defendants, against whom Cordova has raised claims for constitutional violations under 42 U.S.C. § 1983, removed the case to this court under 28 U.S.C. §§ 1331 & 1343. Doc. 1. The Gachassin defendants now move to dismiss Cordova's claim for attorney fees. Cordova opposes the motion.

---

[1] The LSU Board of Supervisors was named as the "Louisiana State University Health Science Center" in the original complaint. Doc. 1, att. 2, p. 2. The name was corrected in the amended complaint, filed in the state district court on July 22, 2019. *Id.* at 183.

# II.
# LAW & APPLICATION

## A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. *Application*

Under Louisiana law attorney fees may generally only be recovered in a civil action under a statutory or contractual provision. *E.g.*, *F.D.I.C. v. Barton*, 233 F.3d 859, 865 (5th

Cir. 2000). Louisiana courts have repeatedly recognized that a plaintiff in a malpractice case "may be entitled to attorney's fees associated with the underlying action which the defendant attorney negligently handled but not for attorney's fees associated with prosecuting the malpractice claim." *Sherwin-Williams Co. v. First La. Const., Inc.*, 915 So.2d 841, 848 (La. Ct. App. 1st Cir. 2005) (citing *Henderson v. Domingue*, 626 So.2d 555, 559–60 (La. Ct. App. 3d Cir. 1993)). Accordingly, Cordova may be entitled to compensation for money he has expended on attorneys to continue pursuing his claims against the LSU defendants. He is not, however, entitled to attorney fees incurred in prosecuting his tort claims against the Gachassin defendants. To the extent this is the relief sought in his claim for attorney fees, he fails to state a claim on which relief can be granted.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss will be granted.

**THUS DONE AND SIGNED** in Chambers on this 24th day of October, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**