UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| J. CORY CORDOVA | CIVIL ACTION NO. 6:19-cv-01027 |
| VERSUS | JUDGE CAIN |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCE CENTER, ET AL. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Pending before the court is the motion to remand, which was filed by the plaintiff, J. Cory Cordova. (Rec. Docs. 90, 109). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be GRANTED, and this matter should be REMANDED to the 15th Judicial District Court, Lafayette Parish, Louisiana.

### **Background**

The plaintiff, J. Cory Cordova, alleged that he entered into a contract with Louisiana State University ("LSU") to be a "House Officer" or first year internal medicine resident physician in LSU's residency training program from July 1, 2017 through June 20, 2018. During his residency, the plaintiff worked at University Hospital and Clinics ("UHC") in Lafayette, Louisiana. He alleged that he was placed

on probation from November 10, 2017 through February 28, 2018 and that his contract was not renewed for the following year.  He sued The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Dr. Karen Curry (the program director at UHC), Dr. Nicholas Sells (the head of UHC's medicine department), and Kristi Anderson (LSU's director of graduate medical education) (collectively referred to hereinafter as "the LSU Defendants").  He also sued UHC, Lafayette General Medical Center, Inc., and Lafayette General Health System, Inc. (collectively referred to hereinafter as "the Lafayette General Defendants").  In general terms, he alleged that the LSU Defendants and the Lafayette General Defendants imposed unwarranted discipline upon him, denied him contractual and statutory due process, breached the contract, and sabotaged his efforts to apply to other residency programs.  Finally, he sued his former legal counsel, Christopher C. Johnston, and Mr. Johnston's law firm, Gachassin Law Firm, for legal malpractice and return of the money he paid them, alleging that they had an impermissible conflict of interest.

The plaintiff filed suit in Louisiana state court, and the LSU Defendants removed the action with the consent of the other defendants.  Motion practice ensued, and all of the claims asserted in the lawsuit except for the claims against Mr. Johnston and Gachassin Law Firm have been resolved.  The plaintiff now seeks remand of the action, arguing that the court lacks subject-matter jurisdiction.

## Law and Analysis

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.[3] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4] Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[5] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[6] Thus, when a lawsuit has been removed from state court, as this suit has, the

---

[1] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[4] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[5] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

removing party must bear that burden.[7] Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8]

In this case, the removing defendants alleged that the court had subject-matter jurisdiction because the plaintiff stated a federal question when he alleged that the LSU Defendants and the Lafayette General Defendants violated his 14th Amendment due process rights. There is no allegation that the parties are diverse in citizenship; indeed, the jurisdictional allegations in the plaintiff's original and amended petitions indicate that the parties are *not* diverse in citizenship. Thus, there is no basis for subject-matter jurisdiction other than the federal question presented by the plaintiff's due process claims.

Whether a claim arises under federal law so as to confer federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9] Under that rule, "there is generally no

---

[7] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

[8] 28 U.S.C. § 1447(c).

[9] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); T*errebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[10] The well-pleaded complaint rule makes the plaintiff the master of his complaint, allowing him to avoid federal-court jurisdiction by relying exclusive on state law.[11]

It is axiomatic that, when a lawsuit is removed from state court to federal court, subject-matter jurisdiction is evaluated on the basis of the claims set forth in the state court complaint as it existed at the time of removal.[12] For that reason, post-removal events generally do not deprive the court of jurisdiction.[13] In support of his motion to remand, the plaintiff in this case argued that removal was improper because his original and amended state court petitions "did not invoke the federal jurisdiction of this Honorable Court."[14] Thus, he contends that subject-matter jurisdiction did not exist at the time of removal. However, a review of the allegations set forth in the original and amended petitions, both of which were filed before

---

[10] *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). See, also, *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000).

[11] *Caterpillar Inc. v. Williams*, 482 U.S. at 392; *Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 535 (5th Cir. 2017).

[12] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)

[13] *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

[14] Rec. Doc. 109-1 at 6.

removal,[15] reveals that the plaintiff did allege a constitutional due process violation sufficient to support federal question jurisdiction.

In Paragraph 10 of the original petition, the plaintiff alleged that the defendants imposed unwarranted discipline on him in violation of the due process rights created in his residency contract and also in violation of "his constitutional Due Process rights."[16] In Paragraph 20, the plaintiff alleged that Dr. Curry "violated Petitioner's procedural and substantive due process rights."[17] One section of the original complaint was, titled "Causes of Action as to" the then-named defendants.[18] Immediately below the section heading is a sub-heading, reading "Violation of Due Process."[19] Paragraphs 39 through 42 follow. Paragraph 39 expressly realleged the factual allegations listed earlier in the petition. Paragraph 40 quoted the due process provision of the 14th Amendment to the United States Constitution and the corresponding provision of the Louisiana Constitution. Paragraph 41 cited a Louisiana Supreme Court decision for the proposition that medical residents

---

[15] The original petition was filed on March 29, 2019 (Rec. Doc. 1-2 at 2); the amended petition was filed on July 22, 2019 (Rec. Doc. 1-2 at 183); and the action was removed on August 7, 2019 (Rec. Doc. 1).

[16] Rec. Doc. 1-2 at 4.

[17] Rec. Doc. 1-2 at 6.

[18] Rec. Doc. 1-2 at 10.

[19] Rec. Doc. 1-2 at 10.

"possess a due process 'property' and/or 'liberty' [interest] in their positions and potential for future earnings." Paragraph 42 stated that the defendants' actions "violated Dr. Cordova's due process rights established in the federal and state constitutions." Consequently, the original petition included a due process claim under the United States Constitution.

The due process contentions in the plaintiff's amended petition are similar. In Paragraph 14 of the amended petition, the plaintiff alleged that the defendants imposed unwarranted discipline in violation of the due process rights created in his residency contract and also in violation of "his constitutional Due Process rights."[20] Paragraph 25 of the amended petition alleged that Dr. Curry violated the plaintiff's procedural and substantive due process rights.[21] Like the original petition, the amended petition contains a section titled "Causes of Action as to" the defendants.[22] Immediately below the section heading is a sub-heading, reading "Violation of Due Process."[23] Paragraphs 45 through 49 are included in that section.[24] Paragraph 45 expressly realleged the factual allegations set forth earlier in the petition. Paragraph

---

[20]  Rec. Doc. 1-2 at 186.

[21]  Rec. Doc. 1-2 at 188.

[22]  Rec. Doc. 1-2 at 192-193.

[23]  Rec. Doc. 1-2 at 192.

[24]  Rec. Doc. 1-2 at 192-193.

46 quoted the due process provision of the 14th Amendment to the United States Constitution and the corresponding provision of the Louisiana Constitution. Paragraph 47 cited a Louisiana Supreme Court decision for the proposition that medical residents "possess a due process 'property' and/or 'liberty' [interest] in their positions and potential for future earnings." Paragraph 48 stated that the defendants' actions "violated Dr. Cordova's due process rights established in the federal and state constitutions." Consequently, the amended petition set forth a due process claim under the 14th Amendment to the United States Constitution.

The fact that neither petition contains a reference to 42 U.S.C. § 1983 is immaterial. Section 1983 does not create substantive rights; instead, it is a procedural vehicle that provides a remedy for the violation of federal constitutional or statutory rights.[25] Therefore, when a plaintiff fails to mention Section 1983 but alleges violations of rights protected by the United States Constitution, he states a federal question claim that supports removal, and his suit cannot be remanded for lack of subject-matter jurisdiction.[26]

---

[25] *Hernandez ex rel. Hernandez v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 879 (5th Cir. 2004); *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997); *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60, 63 (5th Cir. 1996).

[26] See, e.g., *Tobacco and Wine, Inc. v. County of Dallas*, 456 F.Supp.3d 788, 792-93 (N.D. Tex. 2020).

This Court finds that the plaintiff's petitions, both in the original format and also as amended, included a claim that the LSU Defendants and the Lafayette General Defendants violated the due process rights guaranteed to the plaintiff by the 14th Amendment to the United States Constitution. This Court further finds that this due process claim was sufficient to support federal question jurisdiction. Thus, at the time of removal, the court had subject-matter jurisdiction, and no subsequent events deprived the court of its jurisdiction.

The claims that remain to be resolved are state-law claims grounded in Louisiana law and cognizable by this court under its supplemental jurisdiction. When there is a post-removal "narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished."[27] "Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court."[28] In deciding whether to exercise such discretion, courts are guided by 28 U.S.C. § 1367(c), which states that "district courts may decline to exercise supplemental jurisdiction over a claim. . . [when] (1) the claim raises a novel or complex issue of State law, (2) the claim

---

[27] *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) (quoting *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)).

[28] *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d at 1254 (citing *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), cert. denied, 450 U.S. 949 (1981) ("When a subsequent narrowing of the issues excludes all federal claims, whether a pendant state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction.")).

substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

The remaining claims are legal malpractice claims. While legal malpractice claims may not raise novel or complex issues of state law, such claims have been recognized as falling with the traditional domain of state law.[29] Therefore, it is arguable that they should be decided in state court rather than federal court.

More important, in the Fifth Circuit, the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.[30] Although this rule is neither mandatory nor absolute,[31] the United States Supreme Court has repeatedly cautioned that federal courts should avoid making "needless decisions of state law."[32] Furthermore, when

---

[29] *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008)

[30] *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

[31] *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d at 602.

[32] *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

federal claims have been eliminated from the litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction."[33]

In this case, the resolution of the federal-law claims asserted against the LSU Defendants and the Lafayette General Defendants left only the legal malpractice claims asserted against the plaintiff's former counsel and his law firm to be decided. Those claims are governed by Louisiana state law. There are no federal-law claims remaining. Accordingly, it is recommended that this Court should exercise its discretion and decline to exercise jurisdiction over the remaining state-law claims. It is further recommended that this case should be remanded to state court – not because the court lacks subject-matter jurisdiction, but because all federal-law claims have been decided and the court, in its discretion, should decline to exercise jurisdiction over the remaining claims.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Docs. 90, 109) should be GRANTED, and this matter should be REMANDED to the 15th Judicial District Court, Lafayette Parish, Louisiana.

---

[33] *Enochs v. Lampasas County*, 641 F.3d at 161 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[34]

Signed at Lafayette, Louisiana, this 1st day of March 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[34] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).