UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **J. CORY CORDOVA** | **CASE NO. 6:19-CV-01027** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA STATE UNIVERSITY AGRICULTURAL & MECHANICAL COLLEGE BOARD OF SUPERVISORS, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Before the court are a Motion for Attorney Fees and Costs [doc. 87] and Motion to Tax Costs [doc. 100] filed by defendants Karen Curry, Kristi Anderson, and the Louisiana State University Agricultural & Mechanical College Board of Supervisors ("LSU") (collectively, "LSU defendants"). The motions are opposed by plaintiff J. Cory Cordova [docs. 93, 106] and have now been fully briefed.

### I.
#### BACKGROUND

This suit arises from Dr. J. Cory Cordova's non-renewal from the LSU "house officer" (residency) program at Lafayette General Hospital in Lafayette, Louisiana. Cordova was non-renewed from the program after one year, after being placed on probation by program director Dr. Karen Curry. Following his non-renewal, he filed suit against Curry, department head Dr. Nicholas Sells, director of graduate medical education Ms.

Kristi Anderson, and LSU, as well as the Lafayette General defendants.[1] He alleged, in relevant part, that Curry, Sells, Anderson, LSU, and the Lafayette General defendants violated his right to due process under the federal and state constitutions, in violation of 42 U.S.C. § 1983, and committed a breach of contract by non-renewing him from the house officer program and then sabotaging his efforts to apply to other programs. Doc. 1, att. 2, pp. 192–93. He also filed state law claims against his former attorney, Christopher C. Johnston and the Gachassin Law Firm, based on allegations of malpractice during his representation.

On Rule 12(b)(6) motions to dismiss filed by the LSU defendants, the court dismissed the breach of contract claims as to the individual defendants and dismissed many of the due process claims. This left only the substantive due process claim against Curry with the issue of qualified immunity deferred until summary judgment along with the breach of contract claim against LSU. Docs. 30, 43. On motions for summary judgment brought by the LSU and Lafayette General defendants, the court dismissed all remaining claims as to both groups of defendants. Docs. 76, 77.

Cordova then brought Motions to Remand, asserting that the court had never had federal question jurisdiction despite his repeated references to due process claims against the LSU and Lafayette General defendants. Docs. 90, 109. The undersigned accepted the Report and Recommendation of the Magistrate Judge [doc. 125], rejecting plaintiff's argument but agreeing that the court should decline to exercise supplemental jurisdiction

---

[1] He also named as defendants the attorney and law firm who had represented him through the non-renewal process, alleging that they had operated under an undisclosed conflict of interest. Those claims are still pending.

over the remaining claims against plaintiff's former attorney and his firm. Doc. 131. Pursuant to requests by the LSU and Lafayette General defendants, the court has certified its rulings on the Motions for Summary Judgment as final under Federal Rule of Civil Procedure 54(b). It now considers the LSU defendants' Motion for Attorney Fees and Costs [doc. 87] and Motion to Tax Costs [doc. 100].

## II.
### LEGAL STANDARD

As one of a few statutory exceptions to the "American Rule," requiring each party to bear its own litigation expenses, 42 U.S.C. § 1988 allows the award of reasonable attorney fees to a prevailing party in a civil rights action brought under 42 U.S.C. § 1983. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). This award may be made to a defendant when the court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation," *id.* at 833 (internal quotation omitted) or that the plaintiff "continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). In determining whether the suit was frivolous, the court should focus not on the outcome but instead on "whether . . . the case is so lacking in arguable merit as to be groundless or without foundation[.]" *G&H Dev., LLC v. Penwell*, 2016 WL 5396711, at *3 (W.D. La. Sep. 27, 2016) (citing *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). To this end the court can consider factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle the suit, and whether the court held a full trial—but these factors remain "guideposts" and frivolousness must be judged on a case-by-case basis. *Id.* (citing *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam)).

Generally, the Fifth Circuit regards an award of attorney fees for defendants as appropriate when the plaintiff's claim "lacks a basis in fact or relies on an [indisputably] meritless legal theory" or when the "plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Doe*, 440 F. App'x at 425 (internal quotations omitted).

### III.
#### APPLICATION

Plaintiff spends most of his opposition focused on his subject matter jurisdiction argument, which the court has already rejected and finds frivolous in itself. But this does not mean that the constitutional claims were frivolous. Here, as the court's prior opinions describe, there were inadequate allegations to support some of plaintiff's constitutional claims and records provided in support of the summary judgment motion showed that there was no basis for holding the remaining defendants liable for a due process violation based on their academic judgments or evaluations of plaintiff. But plaintiff did provide grounds for opposing the motion for summary judgment, including letters of recommendation from providers cited as sources for his negative evaluations, which support a reasonable belief in his theory that the proceedings against him were somehow unfair. Furthermore, plaintiff's opposition to the motions for summary judgment made clear that he had not taken any opportunity to conduct discovery since the court had let some of his claims survive the motion to dismiss. It is therefore difficult to determine that he continued to litigate the claims after discovering their lack of merit. For these reasons, the court declines to make an award of attorney fees under § 1988.

As for the Motion to Tax Costs, the LSU defendants seek taxable costs in the amount of $1,068.80 (or $2,738.36 if the court deems Westlaw research and postage as included under such costs rather than part of an attorney fee award) under Federal Rule of Civil Procedure 54(d). Doc. 100. Plaintiff objects on the grounds that (1) no final judgment has been entered under Federal Rule of Civil Procedure 54(b) and (2) legal research and postage are not taxable as costs. Doc. 106. He also cursorily asserts that an award of costs is discretionary and should not be made in this case. *Id.*

Rule 54(d) provides that, unless a federal statute, rule, or court order provides otherwise, costs should be awarded to the prevailing party following a final judgment. This rule applies to a victory on summary judgment and "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, the denial of such an award has been described as "in the nature of a penalty." *Id.* at 793–94 (internal quotations omitted). Since plaintiff's response was filed, the court has certified the judgment as final. Plaintiff provides no specific reason why costs should not be awarded, and the court now determines that the LSU defendants are entitled to the award. The court agrees, however, that there appears to be no support for taxing research costs or postage. *See* 28 U.S.C. § 1920. Accordingly, the motion will be granted in part and denied in part, with costs taxed in the amount of $1,068.80.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Attorney Fees [doc. 87] is **DENIED** and the Motion to Tax Costs [doc. 100] is **GRANTED IN PART** and **DENIED IN PART**, with costs awarded under Rule 54(d) in the amount of $1,068.60.

**THUS DONE AND SIGNED** in Chambers on this 14th day of April, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**