UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **J. CORY CORDOVA** | **CASE NO. 6:19-CV-01027** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA STATE UNIVERSITY AGRICULTURAL & MECHANICAL COLLEGE BOARD OF SUPERVISORS, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the court is a Motion to Vacate and for Attorney Fees [doc. 138] filed by plaintiff J. Cory Cordova under Federal Rule of Civil Procedure 60(b), seeking relief from the final judgment of this court dismissing his claims for breach of contract and civil rights violations. Defendants Louisiana State University Agricultural & Mechanical College Board of Supervisors ("LSU"), Dr. Nicholas Sells, Dr. Karen Curry, and Kristi Anderson (collectively, "LSU defendants") and University Hospital & Clinics Inc., Lafayette General Medical Center, Inc., and Lafayette General Health System, Inc. (collectively, "Lafayette General defendants") oppose the motion. Docs. 140, 142. The LSU defendants also request an award of attorney fees in connection with the motion. Doc. 140.

### I.
### BACKGROUND

This suit arises from Dr. J. Cory Cordova's non-renewal from the LSU "house officer" (residency) program at Lafayette General Hospital in Lafayette, Louisiana. Cordova was non-renewed from the program following his first year, after being placed on

probation by program director Dr. Karen Curry. Following his non-renewal, he filed suit against Curry, department head Dr. Nicholas Sells, director of graduate medical education Ms. Kristi Anderson, and LSU, as well as the Lafayette General defendants, and his former counsel, in the 15th Judicial District Court, Lafayette Parish, Louisiana. He alleged, in relevant part, that Curry, Sells, Anderson, LSU, and the Lafayette General defendants violated his right to due process under the federal and state constitutions, in violation of 42 U.S.C. § 1983, and committed a breach of contract by non-renewing him from the house officer program and then sabotaging his efforts to apply to other programs. Doc. 1, att. 2, pp. 192–93. He also alleged that his former attorney, Christopher C. Johnston, and Johnston's firm were liable under state malpractice law for failing to disclose their prior representation of the Lafayette General defendants. *Id.*

The LSU defendants removed the suit to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Doc. 1. On Rule 12(b)(6) motions to dismiss filed by the LSU defendants, the court dismissed the breach of contract claims as to the individual defendants without prejudice to plaintiff's right to amend and dismissed many of the due process claims, leaving as to the LSU defendants only the breach of contract claim against LSU and the substantive due process claim against Curry, with the issue of qualified immunity deferred until summary judgment. Docs. 29, 41. The claim against Curry was based on her negative evaluations of Cordova during his time in the house officer program. Doc. 76, p. 9. In ruling on the second motion to dismiss, the court had also noted a potential due process violation based on negative information that Curry communicated to other

programs but held that plaintiff failed to allege sufficient harm to show a constitutional violation:

> As for the claim relating to disclosure of information to other programs, there is no "constitutional protection for the interest in reputation." *Siegert v. Gilley*, 500 U.S. 226, 234 (1991). While students are generally found to have an interest in continuing their education, it is well-established that applicants do not have a protected interest in admission to a program. *Tobin v. Univ. of Me. Sys.*, 59 F.Supp.2d 87, 90 (D. Me. 1999) (collecting cases). A plaintiff may show significant reputational harm if he alleges that the damage served as a complete bar to continuing his training. *See Cadet v. Bonbon*, 2006 WL 8205989, at *3 (D. Mass. Aug. 1, 2006) (citing *Greenhill v. Bailey*, 519 F.2d 5, 7 (8th Cir. 1975)). But all that is alleged here is that the plaintiff's prospects at two other programs were harmed. Accordingly, these allegations may support a tort claim but do not give rise to a substantive due process violation.

Doc. 41, pp. 11–12. The court dismissed this claim without prejudice, however, in order to allow plaintiff an opportunity to amend and show sufficient harm. *Id.*

The remaining LSU defendants then brought a Motion for Summary Judgment, aimed at securing dismissal of Cordova's substantive due process claim against Curry and breach of contract claim against LSU. Doc. 54, att. 2. To this end they asserted that (1) Curry is entitled to qualified immunity for any due process violation; (2) plaintiff has not identified a substantive due process property interest or violation thereof by Curry; and (3) plaintiff's non-renewal did not breach any term of the House Officer Agreement of Appointment or House Officer Manual. *Id.* The Lafayette General defendants also sought summary judgment, asserting that they were not parties to the House Officer Agreement of Appointment and had no authority over or involvement in Cordova's non-renewal. Furthermore, they contended that they could not be held liable for a due process violation because they are not state actors and did not conspire with the LSU defendants to violate

plaintiff's rights. In the alternative, the Lafayette General defendants wholly adopted the arguments of the LSU defendants and move for dismissal of all claims against them on those grounds. Doc. 65, att. 1. Cordova opposed both motions. Docs. 61, 73.

The court heard oral argument on the motions on December 15, 2020. Doc. 92. At the time plaintiff was represented by Christine Mire of Youngsville, Louisiana, as well as five attorneys from the Bezou Law Firm of Covington, Louisiana. Only Ms. Mire appeared at the hearing. *Id.* There she argued that she would be able to uncover evidence to oppose defendants' motions, particularly regarding the substantive due process claim, in discovery but admitted that she had not made any discovery requests since the court's ruling on the second Motion to Dismiss. *Id.* at 32–37. The court then expressed concern that counsel had not conducted any discovery or produced any evidence to support her oppositions to the motion for summary judgment. *Id.* at 42–43, 61–62. Mire repeatedly pushed back, indicating that she had unproduced tape recordings that supported her case and that she did not believe that it was her burden to develop the record at this stage. *Id.* at 42, 61–63. The court emphasized, however, that its duty was only to rule on what was in the record. *Id.* at 76. Finally, it pointed out its chief concern as to the claims against the Lafayette General defendants: the failure to show any privity of contract between those parties and Cordova. *Id.* at 88–89.

Two days after the hearing, the court issued a ruling on the Motions for Summary Judgment and dismissed all claims against the LSU defendants and Lafayette General defendants with prejudice. Docs. 76, 77. In sum, the court found that Curry had shown she was entitled to qualified immunity for any substantive due process violation; that plaintiff

failed to show a breach of contract claim with respect to the LSU defendants' procedures in non-renewing his appointment under the terms of either the House Officer Manual ("HOM") or House Officer Agreement of Appointment ("HOAA"); and that there was no basis for (1) a § 1983 claim against the Lafayette General defendants, based on the same reasons those claims had been dismissed against the LSU defendants, or (2) a breach of contract claim against the Lafayette General defendants, because they were not a party to the HOAA or HOM. Doc. 76. Finally, the court amended its prior judgments on the Motions to Dismiss, under which the breach of contract claims against Curry and Sells and substantive due process claims relating to dissemination of information to other programs had been dismissed without prejudice, in order to dismiss those claims with prejudice based on plaintiff's failure to amend his pleadings and cure the defects identified.

The court allowed the parties additional time to brief the issue of whether the ruling on the Motions for Summary Judgment should be certified as final under Federal Rule of Civil Procedure 54(b). Doc. 77. Plaintiff opposed the motion by brief filed December 28, 2021, arguing that the court's ruling established that it lacked subject matter jurisdiction over the case due to the lack of a constitutional violation and that it should remand the matter to state court rather than entering a final judgment dismissing the LSU and Lafayette General defendants. Doc. 82. Counsel from the Bezou Law Firm then withdrew from representation of plaintiff, leaving only Ms. Mire as plaintiff's counsel. Docs. 95–97.

The LSU defendants next filed a motion for costs and attorney fees. Doc. 87. Plaintiff also filed a Motion to Remand, arguing that the court's dismissal of his § 1983 claims meant that it lacked subject matter jurisdiction over the suit, and an amended Motion

to Remand in which he argued that, despite his claims of due process violations, his original petition never actually raised a federal question under the well-pleaded complaint rule. Docs. 90, 109. The Motions to Remand were referred to the Magistrate Judge, who found no merit to these arguments but recommended that the remaining state law claims (i.e., the malpractice claims against Johnston and the Gachassin Law Firm) be remanded to the state court. Doc. 125. The undersigned adopted this report and recommendation, remanding the remaining claims to the 15th Judicial District Court and certifying its rulings on the Motions for Summary Judgment as final by judgment dated March 24, 2021. Doc. 131. On April 14, 2021, the undersigned issued an order denying the LSU defendants' Motion for Attorney Fees but granting costs in the amount of $1,068.60. Doc. 133.

Plaintiff filed a Notice of Appeal from the court's final judgment [doc. 131] and order on the Motion for Attorney Fees [doc. 133] on April 27, 2021. Doc. 134. On April 13, 2022, the Fifth Circuit issued an opinion finding that the appeal was untimely as to the final judgment on the claims against the Lafayette General and LSU defendants and that he showed no merit as to his appeal of the order taxing him with costs. *Cordova v. La. State Univ. Agricultural & Mech. College Bd. of Supervisors*, 2022 WL 1102480 (5th Cir. Apr. 13, 2022). The court also rejected plaintiff's argument that he was entitled to relief under Federal Rule of 60(b) based on new evidence that had deprived him of due process in the district court, because plaintiff had not raised the issue with this court or in his briefing before the Fifth Circuit. *Id.*

Meanwhile, in the state court proceedings plaintiff filed a second amended petition asserting malpractice claims against the attorneys of the Bezou Law Firm. Doc. 147, att. 2.

After the Fifth Circuit's judgment was entered as mandate, on May 19, 2022, the plaintiff also filed a new suit in the 15th Judicial District Court against the Lafayette General defendants, LSU, and Dr. Karen Curry on June 8, 2022. Doc. 142, att. 6. There plaintiff raised a claim of "breach of confidentiality/bad faith" based on allegations that defendants had continued to disseminate inaccurate and confidential information about him to other residency programs. *Id.* As a result, he alleged that his completion of his residency was delayed for a year while he applied to programs and attempted to clear his reputation. *Id.* He also alleged that Dr. Curry had misrepresented his record at the LSU program to the Mississippi State Board of Medical Licensure in 2021. *Id.* He maintained that these disclosures amounted to breaches of the terms of employment agreements with both defendants and sought declaratory and injunctive relief. *Id.*

The Lafayette General defendants filed exceptions, including one of *res judicata* based on this court's previous rulings, which were set for hearing on August 1, 2022. Doc. 142, att. 7. On July 8, 2022, plaintiff filed a Motion to Vacate in this matter, requesting that the court "clarify its previous rulings in light of the newly filed allegations currently pending before the state court." Doc. 138, att. 1. He also urges the court to vacate its prior judgments under Rule 60(b) based on the same grounds asserted to the Fifth Circuit—namely, that defense counsel misrepresented facts as to the status of discovery before the hearing on the Motions for Summary Judgment and that lawyers from the Bezou Law Firm had an undisclosed conflict of interest that prejudiced plaintiff's representation because counsel for the Lafayette General defendants was representing counsel from the Bezou Law Firm in an unrelated disciplinary proceeding—as well as the alleged admission of the

Lafayette General defendants' employer status in relation to medical residents in an unrelated proceeding. Defendants oppose the motion. Docs. 140, 142.

## II.
## LAW & APPLICATION

### A. Rule 60(b)

Under Federal Rule of Civil Procedure 59, a party may move to alter or amend a judgment within 28 days of judgment and the court may grant such relief for a variety of reasons. Fed. R. Civ. P. 59(e); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Federal Rule of Civil Procedure 60(b), on the other hand, provides specific grounds for relief from a final order or judgment and is thus "subject to unique limitations that do not affect a Rule 59(e) motion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993). These grounds include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Any motion for relief under 60(b)(1)–(3) must be made within one year of judgment. Fed. R. Civ. P. 60(c)(1). A district court may consider a Rule 60(b) motion filed while a case is on appeal and may grant relief thereunder with leave from the court of appeals. *Shepherd v. Internat'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). Accordingly, plaintiff is not entitled to any tolling based on the pendency of his appeal and his motion was filed past

the one-year time limit for 60(b)(1)–(3). Instead, the request can only be considered under Rule 60(b)(6).

A motion filed under Rule 60(b)(4)–(6) "must be made within a reasonable time."[1] Fed. R. Civ. P. 60(c)(1). This motion was filed on July 8, 2022, over one year after the court's final judgment of March 24, 2021. The court will therefore consider whether the circumstances alleged by plaintiff show grounds for relief under Rule 60(b)(6) before returning to the question of whether this motion is timely.

Relief under Rule 60(b)(6)'s catch-all provision is only available in "extraordinary circumstances." *Buck v. Davis*, __ U.S. __, 137 S.Ct. 759, 778 (2017). The grounds for relief are mutually exclusive of those set forth under 60(b)(1)–(5). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 1995). Plaintiff's allegations of misrepresentations by opposing counsel about the status of discovery during the summary judgment hearing and about the Lafayette General defendants' status as employers of medical residents fall under Rule 60(b)(3), providing relief for "fraud . . . misrepresentation, or misconduct by an opposing party." *See, e.g.*, *Garrett v. United States*, 820 F. App'x 275 (5th Cir. 2020) (considering alleged misconduct in the form of statements by opposing counsel under 60(b)(3)); *Harre v. A.H. Robins Co., Inc.*, 750 F.2d 1501, 1505 (11th Cir. 1985), *vacated in other part on reconsideration*, 866 F.2d 1203 (11th Cir. 1989) (fraud committed by third party with complicity of opposing counsel considered under 60(b)(3)). The alleged status of the Lafayette General defendants may also qualify as "new evidence," under Rule

---

[1] This limit applies to motions filed under Rule 60(b)(1)–(3) as well, which must be filed within a reasonable time not to exceed one year. Fed. R. Civ. P. 60(c).

60(b)(2), but is still subject to a one-year limitation period.[2] At any rate, the court does not find that either basis would provide grounds for relief from its rulings on the Motions for Summary Judgment even if timely.

Plaintiff's counsel excerpts but does not attach an email from Lafayette General counsel, which she cites as evidence of a material misrepresentation regarding her client's refusal to be deposed. Doc. 138, att. 1, pp. 3–4. She also cites the fact that the parties filed a joint motion in April 2020 to continue the September 2020 trial date due to the inability to complete Cordova's deposition "in the reasonably foreseeable future[.]" Doc. 45. The excerpt and motion only show, however, that the parties had agreed it was not feasible for Dr. Cordova to submit to a deposition in the spring of 2020 due to his status as a healthcare worker. Trial was reset in May 2020 for April 19, 2021, with no further requests for continuance even after the Motions for Summary Judgment were filed in October and November of 2020. *See* docs. 51, 54, 65. Additionally, the discussion at the hearing also pertained to written discovery and the possibility of conducting depositions by Zoom. Doc. 92, pp. 38–39. As shown supra, the court's larger concern was not with the lack of any specific deposition but with plaintiff's failure to produce any evidence at all to contradict the showing made by defendants. Given this context, plaintiff's evidence and reference to

---

[2] Plaintiff also asserts that the Louisiana Supreme Court decisions, described infra, count as a change in controlling case law entitling her to relief under Rule 60(b)(6). To this end she points to a concurring opinion by Justice Sotomayor, asserting the potential availability of relief under Rule 60(b)(6) for an intervening change in controlling law combined with development of facts. *Kemp v. United States*, __ U.S. ___, 142 S.Ct. 1856, 1865 (2022) (citing *Buck v. Davis*, 580 U.S. 100, 126 (2017)). The Fifth Circuit still holds, however, that a change in controlling law alone is not sufficient to warrant relief under Rule 60(b)(6). *Raby v. Davis*, 907 F.3d 880, 884 (5th Cir. 2018). Moreover, there is no showing that the Louisiana Supreme Court's determination that the Lafayette General defendants were private employers counts as any sort of change in the law or, as described below, that it is in any way material to the court's holding on the breach of contract claim.

email excerpts neither contradict the statements made by Lafayette General counsel nor do they show that any misstatement, if made, would have been material.

As for the status of Lafayette General defendants vis-à-vis medical residents, plaintiff references the cases of *Hayes v. University Health Shreveport*, 332 So.3d 1163 (La. 2022) and *Nelson v. Ochsner Lafayette General*, 332 So.3d 1172 (La. 2022). Those matters involved attempts by hospital employees to block their employers' COVID-19 vaccine mandate under the Louisiana Constitution. The Louisiana Supreme Court ruled in relevant part that (1) a state informed consent statute did not provide an exception to at-will employment and (2) state constitutional prohibitions against unreasonable searches and seizures applied only to state action, and thus did not provide an exception to employment at-will as applied to a private hospital. *Hayes*, 332 So.3d at 1169–72. There is no showing, however, that any plaintiff was a resident and no stipulation or finding that residents qualified as employees of the respective hospitals. Furthermore, while plaintiff now points to documentary evidence listing Lafayette General as his employer, the court's ruling on the breach of contract claim against the Lafayette General defendants was premised on the fact that there was no evidence that that defendant was a party to the HOAA or the HOM. *See* doc. 76, pp. 20–21. Whether the Lafayette General defendants were party to some other agreement with plaintiff and breached same is immaterial to the claims plaintiff actually brought to this court. Finally, even if the Lafayette General defendants were shown to be party to the HOAA or HOM, plaintiff fails to show how they would have breached such an agreement when the court considered the merits of that claim as to the LSU defendants and found no breach. Likewise, even if some sort of employment

relationship also showed that the Lafayette General defendants were joint actors with the LSU defendants for purposes of the § 1983 claims, plaintiff fails to show how the court's finding of no merit to those claims as to the LSU defendants would differ with respect to any other party's handling of plaintiff's non-renewal.

Allegations of misconduct by attorneys of the Bezou Law Firm, however, are outside of the scope of Rule 60(b)(3) and may be considered under Rule 60(b)(6). *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (emphasizing that Rule 60(b)(3) relief is not available for fraud committed by the moving party's own attorney). Plaintiff alleges that his representation was prejudiced because attorneys Jacques Bezou, Sr. and Jacques Bezou, Jr. ("the Bezous") did not disclose that James H. Gibson, attorney for the Lafayette General defendants, was concurrently representing them in an unrelated proceeding. The Lafayette General defendants contend that these allegations are both untimely, under Rule 60(b)(6)'s "reasonable time" limitation, and that they do not provide the extraordinary grounds necessary for relief under Rule 60(b)(6).

Plaintiff first raised his allegations of a conflict of interest by the Bezous in a motion for relief from judgment filed with the Fifth Circuit on October 14, 2021. *See Cordova v. LSU Agric. & Mech. College Bd. of Supervisors*, No. 21-30239, doc. 44 (5th Cir. 2021). The Fifth Circuit dismissed his appeal and denied the motion on November 8, 2021, noting that it did not have jurisdiction over his claims for relief under Rule 60(b) and that these should have been raised with the district court. *Cordova v. LSU Agric. & Mech. College Bd. of Supervisors*, 2021 WL 5183510 (5th Cir. Nov. 8, 2021). Plaintiff filed a motion to amend judgment on January 13, 2022, based on the Louisiana Supreme Court cases cited

*supra*. *Cordova v. LSU Agric. & Mech. College Bd. of Supervisors*, No. 21-30239, doc. 76 (5th Cir. 2021). The panel considered the motion and withdrew and superseded its opinion on April 13, 2022, but made no change as to its disposition of the claims. *Cordova v. LSU Agric. & Mech. College Bd. of Supervisors*, 2022 WL 1102480 (5th Cir. Apr. 13, 2022). The opinion was issued as mandate on May 19, 2022. Doc. 137. Plaintiff then first sought relief under Rule 60(b) in this court on July 8, 2022. Doc. 138.

Timeliness under Rule 60(b)(6) "depends on the particular facts of the case in question." *Fed. Land Bank v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989). Courts determining what constitutes a "reasonable" period of time under Rule 60(b) measure the time at which a movant could have filed his Rule 60(b)(6) motion against the time when he did file it. *In re Edwards*, 865 F.3d 197, 208–09 (5th Cir. 2017). While the Fifth Circuit is clear that the motion "may not be used as an end run to effect an appeal outside the specified time limits," it allows that the determination of timeliness is "less than a scientific exercise." *Id.* Instead, courts look to factors such as the reason for delay, possible prejudice to the non-moving party, and the interests of finality. *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Repub.*, 864 F.3d 172 (2d Cir. 2017).

The Fifth Circuit made clear in its first ruling, on November 8, 2021, that it lacked jurisdiction over claims for relief under Rule 60(b) and that these must be raised with the district court. Even assuming that plaintiff did not learn of the alleged conflict until he filed his motion in the Fifth Circuit in October 2021, and that he was excused in waiting another month while the Fifth Circuit ruled on that motion, plaintiff must still account for the reasonableness of the eight months that followed before he finally sought relief under Rule

60(b) in this court. Due to finality concerns, courts have found that a delay of months can count as unreasonable when the plaintiff has all the facts necessary to bring his motion. *See, e.g.*, *Scott v. United States*, 2006 WL 1274763 (D.D.C. May 8, 2006) (motion filed after two-month delay was untimely); *Werner v. Evolve Media, LLC*, 2020 WL 789035, at *4 (C.D. Cal. Nov. 10, 2020) (motion filed six months after original judgment and three months after amended judgment was untimely); *Intervention911 v. City of Palm Springs*, 2021 WL 3849696, at *2 (C.D. Cal. Aug. 27, 2021) (motion filed just under twelve months after final judgment was untimely).

Plaintiff has offered no excuse for his delay in bringing the motion, other than that the need became apparent to him when the issue of *res judicata* was raised in his state court proceedings. As noted above, this court was able to consider any request for relief under Rule 60(b) even while the appeal was pending. *Shepherd*, 372 F.3d at 329. Given that the rulings on summary judgment were issued in December 2020 and certified as final in March 2021, that this matter has already been to the Fifth Circuit once on the merits, and that related state court proceedings depend on an answer from this court as to the finality of these judgments, the factors of prejudice to the non-moving parties and the interest of finality certainly weigh in favor of a finding of untimeliness. Accordingly, the court agrees that the request for relief is untimely as it relates to the Bezous' alleged conflict.

Even if the motion were timely as to this claim, however, plaintiff still fails to show any merit. The Louisiana Rules of Professional Conduct define a concurrent conflict of interest as one in which "the representation of one client will be directly adverse to another client" or "there is a significant risk that the representation of one or more clients will be

materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." La. R. Prof. Cond. R. 1.7. When such a conflict exists, the lawyer may only proceed with representation if (1) the representation is not prohibited by law, (2) the attorney reasonably believes he will be able to render "competent and diligent representation to each affected client," (3) "the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal," and (4) each affected client gives written consent. *Id.* Additionally, even in cases that do not involve actual ethical conflicts, relief under Rule 60(b)(6) may be granted where the "lawyer's failures are so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance . . . or constructive disappearance." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004). Still, the existence of an undisclosed conflict will only serve as an "extraordinary circumstance" justifying relief under Rule 60(b)(6) where plaintiff can show prejudice—that is, a likely bearing on the outcome of the case. *Marderosian v. Shamshak*, 170 F.R.D. 335, 340–41 (D. Mass. 1997).

Here plaintiff alleges a conflict based on Lafayette General counsel Gibson's representation of the Bezou attorneys in an unrelated proceeding. Defendants maintain that these facts do not establish a conflict of interest under the Louisiana Rules of Professional Conduct, raising questions as to why the Bezous would reduce their chances at recovery in this case merely because of a professional relationship with opposing counsel. The court is inclined to agree, noting that plaintiff has produced no evidence to show why this representation should pose a "significant risk" of materially limiting the Bezous'

representation of plaintiff. But even if Gibson's representation of the Bezous did represent a conflict of interest, plaintiff has likewise failed to show any likelihood of prejudice. While she did not enroll in this matter until November 2020, current counsel Christine Mire has been involved in this case since its inception. *See* doc. 1, att. 2, p. 15 (signature on petition). She now claims that she was unprepared to practice in federal court or attend oral arguments before the undersigned in December 2020, but she has appeared as counsel of record in cases in this district in prior cases and has been a licensed attorney for over a decade. At oral argument she did not demonstrate any lack of familiarity with the record. To the extent she now attempts to blame the Bezous for failing to conduct discovery or produce evidence to oppose the Motions for Summary Judgment, the court notes that she signed both response briefs and must bear responsibility for their contents. Accordingly, plaintiff fails to show any merit to his request for relief based on the alleged conflict of interest. Finally, to the extent the plaintiff otherwise seeks clarification of the court's prior rulings, those should stand for themselves. The motion for relief under Rule 60(b) will therefore be denied.

### B. Request for Attorney Fees

The LSU defendants also request an award of attorney fees in conjunction with their opposition to this motion. As one of a few statutory exceptions to the "American Rule," requiring each party to bear its own litigation expenses, 42 U.S.C. § 1988 allows the award of reasonable attorney fees to a prevailing party in a civil rights action brought under 42 U.S.C. § 1983. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). This award may be made to a defendant when the court finds "that the plaintiff's action was frivolous, unreasonable, or

without foundation," *id.* at 833 (internal quotation omitted) or that the plaintiff "continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). In determining whether the suit was frivolous, the court should focus not on the outcome but instead on "whether . . . the case is so lacking in arguable merit as to be groundless or without foundation[.]" *G&H Dev., LLC v. Penwell*, 2016 WL 5396711, at *3 (W.D. La. Sep. 27, 2016) (citing *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). To this end the court can consider factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle the suit, and whether the court held a full trial—but these factors remain "guideposts" and frivolousness must be judged on a case-by-case basis. *Id.* (citing *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam)). Generally, the Fifth Circuit regards an award of attorney fees for defendants as appropriate when the plaintiff's claim "lacks a basis in fact or relies on an [indisputably] meritless legal theory" or when the "plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Doe*, 440 F. App'x at 425 (internal quotations omitted).

  The court has ruled in favor of the LSU defendants regarding plaintiff's inability to show a constitutional violation or a breach of contract under the HOAA or HOM. Nevertheless, plaintiff continues with attempts to resurrect that theory through both unfounded allegations of compromised representation and arguments about ancillary issues such as the status of the Lafayette General defendants as private employers. Additionally, plaintiff once again failed to conduct the discovery necessary to carry his burden—he provided no exhibits to support many of his critical allegations.

Plaintiff lost his chance for a review of the merits of the court's summary judgment rulings due to current counsel's failure to file a timely notice of appeal. Despite his apparent interest in perpetuating the matter, he failed to even seek timely review under Rule 60(b) or to attempt to provide evidence in support of many of his claims for relief from judgment. Accordingly, an award of attorney fees is due to the LSU defendants due to plaintiff's unreasonable attempts at continuing this litigation. The court will consider the same for the Lafayette General defendants under the Motion for Sanctions [doc. 147] filed by those parties under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Vacate and for Attorney Fees [doc. 138] filed by plaintiff be **DENIED** and the request for attorney fees [doc. 140] by the LSU defendants be **GRANTED.** The LSU defendants are directed to submit a bill of costs and attorney fees incurred in defending against this motion within **14 days** of this order.

**THUS DONE AND SIGNED** in Chambers this 23rd day of August, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE