## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**J. CORY CORDOVA**                     **CASE NO.  6:19-CV-01027**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**LOUISIANA STATE UNIVERSITY**          **MAGISTRATE JUDGE HANNA**
**AGRICULTURAL & MECHANICAL**
**COLLEGE BOARD OF SUPERVISORS,**
**ET AL.**


## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Personal Jurisdiction and Objection to Electronic Order [doc. 197] filed by plaintiff J. Cory Cordova in advance of contempt proceedings set before this court.

### I.
### BACKGROUND

The lengthy procedural history of this matter is adopted from the court's prior order imposing sanctions on plaintiff. *See* doc. 169, pp. 1–9. Plaintiff Cordova unsuccessfully appealed a ruling of this court to the Fifth Circuit, which awarded attorney fees to the appellees based on a determination that the appeal was frivolous. *Cordova v. La. State Univ. Ag. & Mech. College Bd. of Supervisors*, 2023 WL 2967893 (5th Cir. Apr. 17, 2023). The panel remanded the matter to this court to calculate the appropriate damages, and the court determined that the defendants were entitled to $50,664.74 in costs and attorney fees

incurred through Cordova's frivolous appeal. That judgment was issued on August 14, 2023, and required payment within 30 days.[1] Doc. 187.

The Lafayette General defendants filed a motion for civil contempt in this court on December 7, 2023, because Cordova had not paid the sanctions award. Doc. 189. Cordova responded with challenges to the court's subject matter jurisdiction and the enforcement of a "money judgment" through contempt proceedings as well as an assertion that his financial situation made compliance with the court's order impossible. Doc. 194. The court issued an electronic order directing him to produce evidence under seal in support of his impossibility claim and to appear personally at a hearing on the contempt motion. Doc. 195. Cordova now moves to dismiss the contempt motion for lack of personal jurisdiction. Doc. 197. He also makes an objection to the court's order mandating his personal appearance and production of evidence. *Id.*

---

[1] The court also granted the Lafayette General defendants' motion for sanctions under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927, awarding $29,100.00 in attorney fees and $592.70 in costs incurred with the motion to vacate. That order was issued on April 13, 2023, but did not set a time limit for payment. Doc. 175. Dr. Cordova appealed the order to the Fifth Circuit and the appeal is still pending. Doc. 179.

## II.
### LAW & APPLICATION

#### A. Jurisdictional and procedural objections

Cordova's objections to subject matter jurisdiction, which he has pressed since a motion to remand denied in March 2021, are unfounded. They were rejected by the Fifth Circuit on his most recent appeal. *See Cordova*, 2023 WL 2967893 at *1 ("[Cordova's allegations] plainly made the case removeable and gave the district court federal jurisdiction."). Yet he still attempts to resurrect this issue. The court will not waste any more time with it. Cordova risks further sanctions under Rule 11(b)(2) by pressing his frivolous legal arguments. Cordova also argues that the court cannot address defendants' motion due to his latest appeal, *supra* note 1, or his companion case in state court. Cordova's latest appeal relates to a separate sanctions order. The Fifth Circuit denied his request to stay these proceedings pending appeal. Doc. 193. The state court case has nothing to do with sanctions proceedings based on Cordova's filings in this court. As for personal jurisdiction, Cordova filed his lawsuit in a state judicial district court within the territory of this district. The complaint makes plain his numerous contacts with the forum state. Accordingly, there is no jurisdictional obstacle to the court's handling of this motion.

As for the appropriateness of contempt proceedings, Cordova maintains that the court should only use a writ of execution to enforce a "money judgment" against him. Defendants correctly note, however, that a sanctions award for misconduct is distinct from a money judgment and may be enforced through the court's contempt powers. *In re Wallace*, 490 B.R. 898, 901, 907 (B.A.P. 9th Cir. 2013) (citing *Cleveland Hair Clinic, Inc.*

*v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997)). This distinction is warranted in light of public policy, because a sanctions award "implicates the very integrity of the Court's processes, [while] enforcement of a monetary judgment as between private parties is best left to the creditor-debtor mechanisms provided for in the Federal Rules of Civil Procedure." *Loftus v. Se. Penn. Transp. Auth.*, 8 F.Supp.2d 464, 468 (E.D. Penn. 1998). Accordingly, the question is whether the fee award is a typical "money judgment" or a "sanction for misconduct." *Strojnik v. Village 1107 Coronado, Inc.*, 2021 WL 6064198, at *7 (S.D. Cal. Dec. 21, 2021).

The award of attorney fees was made pursuant to Federal Rule of Appellate Procedure 38, which provides that the Court of Appeals "may . . . award just damages and single or double costs to the appellee" if it determines that an appeal is frivolous. Fed. R. App. P. 38. In remanding the case to this court to calculate damages, the Fifth Circuit stated:

> Here, Cordova has repeatedly refused to heed the district court's warnings about "unreasonable attempts at continuing this litigation" with an untimely and also meritless Rule 60(b) motion. And here again, Cordova has filed another frivolous appeal. Moreover, while this appeal was pending, the district court granted the Lafayette General Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 and set that matter for a hearing on the appropriate amount. We, therefore, grant the appellees' Rule 38 motion and remand for the district court to fix the appropriate sanctions, attorney fees, and costs for this appeal. We believe the district court is in the best position to set an appropriate sanction that both deters the vexatiousness and also does not duplicate the other sanctions imposed or to-be-imposed in this case.

*Cordova*, 2023 WL 2967893 at *3. The award was plainly imposed as a "sanction" not just because Cordova's arguments on appeal lacked merit, but also because of the "vexatiousness" of his litigation tactics in repeatedly urging his frivolous arguments.

Accordingly, it is a sanction for misconduct and appropriately enforced through the court's contempt powers. *Accord Loftus*, 8 F.Supp.2d at 468 (enforcing sanctions award for filing frivolous lawsuit through contempt proceeding). Because the Court of Appeals remanded the matter to this court to determine the appropriate amount and the sanctions were entered through this court's judgment, this court is the appropriate forum for defendants' motion.

## B. Objections

Finally, Cordova objects that the court lacks authority to compel his appearance through electronic order or to request production of his financial information. As Cordova himself notes, however, the Local Rules provide that electronic orders carry the same force as conventional orders. W.D.L.A. Local Rule 5.7.04. While such orders must be served on the parties, Cordova is represented by counsel in this matter who is receiving service electronically. Cordova placed his financial status at issue by pleading impossibility in response to the contempt motion. By now failing to produce any evidence in support of that position, he is providing the court with ample grounds for a finding of willful contempt. As for his appearance, the court agrees that a summons may not be served electronically and that no such summons has been issued for Cordova's appearance. No summons is needed, however, to back up a court order that a civil litigant appear at a proceeding. Because of Cordova's efforts to throw up roadblocks to every court order, however, the court has little confidence that a summons would suffice. If he does not appear as ordered the court will issue a bench warrant compelling his appearance when the matter is reset.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss and Objections [doc. 197] will be **DENIED**. Cordova and counsel are **ORDERED** to appear at the contempt hearing set for January 16, 2024, and to produce the documentation described in the court's preceding order [doc. 195].

**THUS DONE AND SIGNED** in Chambers on the 12th day of January, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**