# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**J. CORY CORDOVA**

**VERSUS**

**LOUISIANA STATE UNIVERSITY
AGRICULTURAL & MECHANICAL
COLLEGE BOARD OF SUPERVISORS,
ET AL.**

**CASE NO.  6:19-CV-01027**

**JUDGE JAMES D. CAIN, JR.**

**MAGISTRATE JUDGE HANNA**

## MEMORANDUM ORDER

Before the court is a Motion for Contempt [doc. 189] filed by defendants University Hospital & Clinics, Inc.; Lafayette General Medical Center, Inc.; and Lafayette General Health System, Inc. (collectively, "Lafayette General defendants"). The motion relates to plaintiff J. Cory Cordova's failure to pay a sanctions award ordered by this court. Plaintiff opposes the motion. Doc. 194.

## I.
### BACKGROUND

The full procedural history of this matter is adopted from the court's prior order imposing sanctions on plaintiff. *See* doc. 169, pp. 1–9. To sum up, Dr. Cordova brought suit in state court against the Lafayette General defendants and others to challenge his non-renewal after his first year at LSU's internal medicine residency program at Lafayette General Hospital. The case was removed to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, as Dr. Cordova raised claims under 42 U.S.C. § 1983. The court granted motions for summary judgment filed by the Lafayette General defendants

and LSU defendants, finding no merit to Dr. Cordova's claims against them, and remanded Dr. Cordova's state law claims against his former attorney. Dr. Cordova appealed to the Fifth Circuit, which found his appeal untimely and otherwise without merit. *Cordova v. La. State. Univ. Ag. & Mech. College Bd. of Supervisors*, 2022 WL 1102480 (5th Cir. Apr. 13, 2022).

Dr. Cordova then filed a new suit against the Lafayette General and LSU defendants in state court. At the same time, he tried to reopen this suit through a motion to vacate filed under Federal Rule of Civil Procedure 60(b). The undersigned denied the motion and awarded attorney fees to the LSU defendants under 42 U.S.C. § 1988. Doc. 149. Dr. Cordova unsuccessfully appealed that ruling to the Fifth Circuit, which awarded attorney fees to the appellees based on a determination that the appeal was frivolous. *Cordova v. La. State Univ. Ag. & Mech. College Bd. of Supervisors*, 2023 WL 2967893 (5th Cir. Apr. 17, 2023). The panel remanded the matter to this court to calculate the appropriate sanction, and the court determined that the Lafayette General defendants were entitled to $50,664.74 in costs and attorney fees incurred through Cordova's frivolous appeal. That judgment was issued on August 14, 2023, and required payment within 30 days.[1] Doc. 187.

The Lafayette General defendants filed a motion for civil contempt in this court on December 7, 2023, because Dr. Cordova had not paid the sanctions award. Doc. 189. Dr. Cordova responded with challenges to the court's subject matter jurisdiction and the

---

[1] The court also granted the Lafayette General defendants' motion for sanctions under Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927, awarding $29,100.00 in attorney fees and $592.70 in costs incurred with the motion to vacate. That order was issued on April 13, 2023, but did not set a time limit for payment. Doc. 175. Dr. Cordova appealed the order to the Fifth Circuit and the appeal is still pending. Doc. 179.

enforcement of a "money judgment" through contempt proceedings as well as an assertion that his financial situation made compliance with the court's order impossible. Doc. 194. He also filed a motion to dismiss for lack of personal jurisdiction. Doc. 197. The court denied the motion to dismiss, ruling therein on his various jurisdictional and procedural objections. Doc. 199. It then reviewed financial documents produced under seal by Dr. Cordova and heard oral argument on the matter. Accordingly, the undersigned now issues this ruling addressing the merits of the contempt motion.

## II.
### LAW & APPLICATION

A court may enforce its orders through civil contempt, which compels obedience to a court order. *Gibson Brands, Inc. v. Armadillo Distribution Enterps., Inc.*, 2023 WL 2352830, at *2 (E.D. Tex. Mar. 3, 2023) (citing *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009)). A party is in contempt "when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act . . . with knowledge of the court's order." *Id.* (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). "The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). "Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order." *TK Towing, Inc. v. Constr. Solutions, LLC.*, 2023 WL 3451569, at *2 (E.D. La. May 15, 2023) (citing *Whitfield v. Pennington*,

832 F.2d 909, 913 (5th Cir. 1987)). The court may consider the degree of willfulness, however, in determining the appropriate sanction. *Id.*

The court's judgment of August 14, 2023, required Dr. Cordova to pay the sum of $50,664.74 to the Lafayette General defendants within 30 days. Doc. 187. Dr. Cordova never appealed that judgment or the preceding memorandum ruling. The deadline was thus in effect and lapsed on September 13, 2023. The Lafayette General defendants assert, and Dr. Cordova does not contest, that he has not paid any amount of the award. Accordingly, defendants have carried their burden.

The respondent may avoid contempt if he produces credible evidence to show that compliance with the court's order is impossible. *United States v. Sorrells*, 877 F.2d 346, 348 (5th Cir. 1989). In cases regarding failure to pay a sum certain, impossibility is only a complete defense in cases of poverty or insolvency. *United States v. Smith*, 2018 W. 4524123, at *6 (E.D. Tex. Sep. 13, 2018). "Otherwise, the party must pay what he or she can." *Id.* Additionally, a party's inability to pay cannot be "self-imposed." *U.S. S.E.C. v. Connectajet.com, Inc.*, 2015 WL 6437697, at *3 (N.D. Tex. Oct. 16, 2015).

Financial documents produced under seal by Dr. Cordova show no basis for an impossibility defense. He and his spouse had an adjusted gross income over $200,000.00 for 2022. Doc. 202. He remained employed as a physician through 2023, earning over $300,000.00 for the first three quarters of 2023. Doc. 202. While he has other outstanding judgments relating to these proceedings and sanctions in the state court matter, he has not made a showing of insolvency. Even taking into account the other sanctions imposed on plaintiff, the court cannot credit an impossibility defense at this income level. Plaintiff has

some ability to pay; accordingly, the court has ordered a judgment debtor examination. Doc. 205.

With the defendants having carried their burden, the court must now determine the appropriate sanction. "Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained." *Carter v. Transp. Workers Union of Am., Local 556*, __ F.Supp.3d __, 2023 WL 5021787, at *4 (N.D. Tex. Aug. 7, 2023) (internal quotations omitted). To determine the appropriate sanction, the court considers "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Id.* (quoting *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990)).

The Lafayette General defendants propose the following sanctions: (1) a fixed term of imprisonment until the sanctions award is paid; (2) a *per diem* fine until the award is paid; or (3) a compensatory award to defendants, including attorney fees. As described above, Dr. Cordova has already incurred other significant sanctions in this and related litigation which may impede his ability to immediately satisfy the judgment. Additionally, the court is ordering a judgment debtor examination that will provide the Lafayette General defendants with the information needed to collect on this and other outstanding sanctions awards. While the Lafayette General defendants are likely due a compensatory award for the attorney fees they have had to expend, additional sanctions may present other opportunities for prolonging the litigation. Accordingly, the court declines to impose any

sanction at this point but leaves the matter open for defendants to inform the court if Dr. Cordova does not begin making payments on the sanctions already imposed.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion for Contempt [doc. 189] be **GRANTED** and that plaintiff J. Cory Cordova be found in contempt of court. The issue of sanctions is **DEFERRED** pending further updates on plaintiff's compliance.

**THUS DONE AND SIGNED** in Chambers on the 24th day of January, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**