# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

February 22, 2024

Mr. Tony R. Moore
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 23-30335    Cordova v. Univ Hosp & Clinics
                            USDC No. 6:19-CV-1027

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Christina A. Gardner, Deputy Clerk
                                      504-310-7684

cc:  Mr. James Huey Gibson
     Ms. Stacy N. Kennedy
     Ms. Christine M. Mire

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2024
Lyle W. Cayce
Clerk

No. 23-30335
Summary Calendar

─────────────

J. Cory Cordova

*Plaintiff*,

Christine M. Mire,

*Appellant*,

*versus*

University Hospital & Clinics, Incorporated;
Lafayette General Medical Center, Incorporated;
Lafayette General Health System, Incorporated,

*Defendants—Appellees*.

─────────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-1027

─────────────

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

**Certified as a true copy and issued as the mandate on Feb 22, 2024**

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Case 6:19-cv-01023-DJA Document 212 Filed 02/22/24 Page 3 of 4 PageID #: 8363
Case: 23-30335      Document: 71-1      Page: 2      Date Filed: 02/22/2024

No. 23-30335

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

We GRANT the Lafayette General Defendants' Rule 38 motion. As before, "[w]e believe the district court is in the best position to set an appropriate sanction." *Cordova II*, 2023 WL 2967893, at *3. Therefore, we REMAND for the district court to determine the appropriate sanctions, attorney fees, and costs for this appeal.

IT IS FURTHER ORDERED that Appellant pay to Appellees the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2024
Lyle W. Cayce
Clerk

No. 23-30335
Summary Calendar

_____

J. Cory Cordova,

*Plaintiff*,

Christine M. Mire,

*Appellant*,

*versus*

University Hospital & Clinics, Incorporated;
Lafayette General Medical Center, Incorporated;
Lafayette General Health System, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-1027

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Leslie H. Southwick, *Circuit Judge*:

This is the third appeal from a sanctions order entered under Federal Rule of Civil Procedure 11(b). The Appellant for this appeal is the Plaintiff's attorney. The district court entered sanctions against the Appellant for

presenting frivolous arguments regarding the Defendants' potential liability as the Plaintiff's purported employer. We AFFIRM.

In this court, the Defendants filed a motion for damages, attorney fees, and costs. *See* FED. R. APP. P. 38 That motion is GRANTED, and we REMAND to calculate damages.

FACTUAL AND PROCEDURAL BACKGROUND

We detailed the factual and procedural background of the case the last time it was before us. *See Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 22-30548, 2023 WL 2967893, at *1 (5th Cir. Apr. 17, 2023) ("*Cordova II*"). We repeat only some of this history.

This case arose from Dr. J. Cory Cordova's non-renewal from a medical residency program run by Louisiana State University at the Lafayette General Hospital. Following his departure from the program, Cordova filed suit in state court in March 2019 against Louisiana State University, the program director Dr. Karen Curry, the department head Dr. Nicholas Sells, and the director of graduate medical education Kristi Anderson (collectively, "LSU Defendants"). Cordova also sued University Hospital & Clinics, Inc., Lafayette General Medical Center, Inc., and Lafayette General Health System, Inc. (collectively, "Lafayette General Defendants"), who operated the hospital where Cordova was a resident. Additional defendants included Cordova's former counsel, Christopher Johnston, and the Gachassin Law Firm, who previously represented Cordova in state court.

Cordova alleged that the LSU and Lafayette General Defendants violated his right to due process under the federal and state constitutions by their non-renewal of his residency, committed a breach of contract, and sabotaged his efforts to apply to other residency programs. He brought his constitutional claims under 42 U.S.C. § 1983. Cordova contended that Johnston and the Gachassin Law Firm were liable under state malpractice

law for failing to disclose a purported conflict of interest through their prior representation of the Lafayette General Defendants. Cordova was represented by Appellant, Christine M. Mire, and five attorneys from the Bezou Law Firm when he brought these claims.

In August 2019, the LSU Defendants validly removed the case to federal court pursuant to 28 U.S.C. § 1441 because Cordova's claims raised questions of federal law. The district court dismissed some of the claims without prejudice. The LSU Defendants and Lafayette General Defendants then moved for summary judgment on the remaining claims.

In December 2020, the district court granted those summary judgment motions and amended its prior order to dismiss those claims with prejudice because of Cordova's failure to amend his pleadings. With respect to the Lafayette General Defendants, the district court held Cordova failed to allege any state action or any direct act or omission that would make them liable under Section 1983. The district court held Cordova's breach of contract claims failed because none of the Lafayette General Defendants were in a contractual relation with him.

The LSU and Lafayette General Defendants next moved for entry of final judgment under Federal Rule of Civil Procedure 54(b). The LSU Defendants also filed a motion for costs and attorney fees. Five days after the district court ruled against him on summary judgment, Cordova moved to remand the case to state court, arguing that the district court's dismissal of his Section 1983 claims meant that his complaint never raised a federal question and thus left the district court without jurisdiction. At this point, the five attorneys from the Bezou Law Firm withdrew as counsel for Cordova, leaving only Mire. The district court referred the parties' motions to a magistrate judge, who recommended the court remand Cordova's only remaining claims, which were for legal malpractice claims against Johnston

and the Gachassin Law Firm. The district court adopted the magistrate judge's report and recommendation, remanded the malpractice claims, and certified its rulings as final by judgment dated March 24, 2021. On April 14, 2021, the district court issued an order denying the LSU Defendants' motion for attorney fees but granting costs in the amount of $1,068.60.

On April 27, 2021, Cordova appealed both orders. Because Cordova's notice of appeal of the March 24 order was filed 34 days after its entry, we held that his appeal was untimely and that we lacked jurisdiction to review the district court's dismissal on the merits. *See Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 21-30239, 2022 WL 1102480, at *2 (5th Cir. Apr. 13, 2022) ("*Cordova I*"). We also rejected Cordova's challenge to the district court's order awarding costs to the LSU Defendants because "he [did] not even attempt to press, let alone substantiate, his argument that the district court erred in taxing costs against him." *Id.* at *1. Finally, we denied Cordova's Federal Rule of Civil Procedure 60(b) motion for relief from judgment because he did not file such a motion in district court and failed to raise the issue in briefing before us. *Id.* at *2.

In July 2022, Cordova filed a Rule 60(b) motion to vacate the district court's prior judgments, arguing the Defendants "engaged in fraud and/or misrepresentations" in the court's prior proceedings. Cordova also contended the Lafayette General Defendants conceded that they were Cordova's employers in a new state action Cordova filed after our May 2022 mandate. Cordova further alleged the Bezou Law Firm failed to disclose a purported conflict of interest because counsel for the Lafayette General Defendants was representing the Bezou Law Firm and its attorneys in an

4

unrelated disciplinary proceeding.[1]  The Defendants opposed Cordova's motion and filed a motion for sanctions under Rule 11(b)(1)–(3) and 28 U.S.C. § 1927.

In August 2022, the district court denied Cordova's Rule 60(b) motion as untimely, finding Cordova's allegations of misrepresentation or fraud and "new evidence" relating to Cordova's employment status barred by Rule 60(b)'s one-year limitation period.  The district court further determined that Cordova's claims regarding the Bezou Law Firm were untimely under Rule 60(b)(6) because they were not brought within a "reasonable time."  Nonetheless, the district court also addressed the merits of Cordova's Rule 60(b) motion.  The district court explained that even if Cordova could show that the Lafayette General Defendants were his true employers and that they were contracting parties or joint actors with the LSU Defendants, neither showing would change the court's prior rulings. Regardless of who Cordova's employer was, the court held there was no breach of contract or denial of due process in the non-renewal of Cordova's residency.  The district court then awarded attorney fees to the LSU Defendants "due to plaintiff's unreasonable attempts at continuing this litigation."

Cordova timely appealed the district court's denial of his Rule 60(b) motion and the award of attorney fees to the LSU Defendants.  *Cordova II*, 2023 WL 2967893, at *1.  We affirmed and remanded the case for the district court to calculate sanctions under Federal Rule of Appellate Procedure 38. *See id.* at *1–3.  We also denied Cordova's motions to disqualify counsel and for sanctions, damages, attorney fees, and costs.  *Id.* at *2–3.  We issued our

---

[1] The same conflict of interest claim was first raised in briefing before us in 2021. *See Cordova I*, 2022 WL 1102480, at *2; *Cordova II*, 2023 WL 2967893, at *2. Cordova did not bring the issue to the district court's attention until July 2022.

mandate in May 2023 and the district court awarded Defendants $50,664.74 in frivolous appeal costs.

In February 2023, while Cordova's appeal was pending, the district court granted the Lafayette General Defendants' Rule 11(b) motion for sanctions but declined to issue sanctions under Section 1927. Similar to its denial of Cordova's Rule 60(b) motion, the district court again rejected Cordova's attempt to relitigate the issue of who his employer was. As it stated previously, "the court clearly found no merit to the breach of contract claims" even if the Lafayette General Defendants were Cordova's employers. Thus, because the evidence Cordova and Mire persistently attempted to introduce and litigate would not affect the district court's decision on the merits, "the futility of any arguments relating to the Lafayette General [D]efendants' status as employer reflects counsel's bad faith in attempting to make an issue of it." Although the court declined to sanction Mire over her arguments regarding the Bezou Law Firm's potential conflict of interest and the timeliness of Cordova's Rule 60(b) motion, it found her "meritless arguments" on the Lafayette General Defendants' employer status to be "so unfounded as to amount to violations of Rule 11(b)(1)–(3)." The district court therefore sanctioned Mire, but not Cordova, "to deter any more frivolous arguments or filings."

Following the submission of the Lafayette General Defendants' bill of costs, the court awarded $29,100.00 in attorney fees and $529.70 in costs. Mire timely appealed.

## DISCUSSION

We review the district court's award of attorney fees and costs for abuse of discretion. *See Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3)

6

misapplies the law to the facts." *Id.* (quoting *Fessler v. Porcelana Corona de Mex., S.A. de C.V.*, 23 F.4th 408, 415 (5th Cir. 2022)). Mire argues that we should apply *de novo* review because the district court's Rule 11 sanctions violate her First Amendment rights. Because we hold that this case does not implicate First Amendment rights and Mire's arguments to the contrary are frivolous, our decision would be the same even under *de novo* review. Abuse of discretion is therefore all that is necessary.

### I. *The district court's imposition of sanctions*

Rule 11 requires attorneys certify that their papers are not filed "for any improper purpose" and any "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). In doing so, attorneys certify that they "have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (quotation marks and citation omitted). An attorney's conduct is judged under an objective standard of reasonableness governed by the "snapshot" rule, which focuses on the "the instant the attorney affixes his signature to the document." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (quoting *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992)). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell*, 496 U.S. at 393.

Much of Mire's brief attempts to relitigate the issues of Cordova's employment status and a potential conflict of interest. We previously explained why Mire's arguments cannot succeed in a Rule 60(b) motion to

Case 6:19-cv-01027-JDC-DJW Document 221-3 Filed 02/27/24 Page 11 of 17 PageID #: 8371
Case: 23-30335   Document: 72-1   Page: 12   Date Filed: 02/22/24

No. 23-30335

vacate. *See Cordova II*, 2023 WL 2967893, at *1–2. Under the law of the case doctrine, "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 702 (5th Cir. 2010) (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006)). Mire does not argue that any of the exceptions to this doctrine apply, and she therefore forfeits any argument to the contrary. *See id.* (explaining the exceptions); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

In fact, Mire appears to recognize the merits of the issues she attempts to relitigate are irrelevant to this appeal. She acknowledges the district court did not impose sanctions for pressing arguments relating to a potential conflict of interest or for filing Cordova's Rule 60(b) motion late. Instead, Mire was sanctioned for *continuing* to argue Cordova's actual employer was the Lafayette General Defendants after the district court repeatedly explained why that possibility would not change the outcome of the case. The district court repeatedly stated that even if the Lafayette General Defendants employed Cordova, either solely or as joint actors with the LSU Defendants, or entered into agreements with Cordova directly, Cordova's underlying claims still lacked merit. Sanctions were therefore imposed on Mire for continuing to press arguments that had clearly been rejected.

Mire asserts "this appeal was filed because the district court overlooked the ample and unrefuted evidence . . . that the Lafayette General Defendants do have potential liability as employer for Dr. Cordova in this case." None of this evidence, however, demonstrates the Lafayette General Defendants' potential liability because the district court found there was nothing for them to be liable for. The time to challenge these conclusions has long passed.

No. 23-30335

The imposition of sanctions is the only matter properly before us. Mire asserts the district court abused its discretion for three reasons: (1) Mire presented a novel argument regarding the employment relationship between Cordova and the Lafayette General Defendants and therefore sanctioning her would violate the First Amendment; (2) Mire's sanctions impose a "chilling effect" on future attorneys to report attorney misconduct; and (3) the district court was without jurisdiction to impose sanctions or accept "new evidence" as to the employment relationship between Cordova and the Lafayette General Defendants. These arguments are frivolous.

We begin with the First Amendment.[2] Mire argues attorneys have a First Amendment right to make nonfrivolous arguments to the court and her arguments that the Lafayette General Defendants were Cordova's true employer were not frivolous. Instead, the district court described them as "novel." We agree the First Amendment covers novel, nonfrivolous arguments, but many frivolous arguments are also novel.[3] We expect, indeed hope, that a large number of frivolous arguments are new, *i.e.*, have never been made before. We realize a "misapplication of Rule 11 can chill counsel's

---

[2] Mire's First Amendment arguments are likely forfeited because she did not press them below. *Rollins*, 8 F.4th at 397. Mire argues to the contrary by identifying a single paragraph in her memorandum in opposition to sanctions. This paragraph, however, states general propositions about the proper role of an attorney in our judicial system. Although this paragraph may imply certain First Amendment arguments, "to be preserved, an argument must be pressed, and not merely intimated." *Stanford v. Comm'r*, 152 F.3d 450, 462 n.18 (5th Cir. 1998) (citation omitted). Nevertheless, in the interest of finally putting this matter to rest, we address Mire's First Amendment arguments.

[3] *See Anderson v. Williams*, No. 95-10055, 1995 WL 295914, at *1 (5th Cir. Apr. 24, 1995) (unpublished) (presenting the novel yet frivolous argument that printing a name and trademark on postage is a Fourth Amendment violation); *see also Reliance Ins. Co. v. Sweeney Corp.*, 792 F.2d 1137, 1139 (D.C. Cir. 1986) (imposing sanctions for pursuing a "novel" yet unsupported proposition); *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 596 (7th Cir. 1993) (rejecting as frivolous an argument that presented a "novel" question); *In re Burbank*, 790 F. App'x 226, 229 (1st Cir. 2019) (same).

9

'enthusiasm and stifle the creativity of litigants in pursing novel factual or legal theories,' contrary to the intent of its framers." *Snow Ingredients*, 833 F.3d at 529 (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993)). Even so, we agree with a prior panel's conclusion that "there is no First Amendment exception to a Rule 11 violation." *Fuller v. Donahoo*, No. 93-1447, 1994 WL 486931, at *3 (5th Cir. Aug. 10, 1994) (unpublished); *King v. Fleming*, 899 F.3d 1140, 1151 n.17 (10th Cir. 2018). This is because, in judicial proceedings, "whatever right to 'free speech' an attorney has is extremely circumscribed. An attorney may not, by speech or other conduct, resist a ruling of the trial court beyond the point necessary to preserve a claim for appeal." *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1071 (1991). This serves Rule 11's primary purpose of deterring baseless filings and streamlining the administration of justice. *Cooter & Gell*, 496 U.S. at 393.

Despite Mire's contentions, the First Amendment is not a bar to the sanctions imposed in this case. Mire was not sanctioned because her novel arguments were frivolous, but because it was frivolous to continue to make the *rejected* novel arguments. As the district court stated, "I ruled on the merits in the initial summary judgment. On the 12(b)(6) I re-addressed them. I addressed them again in my ruling on the Rule 60B motion. I don't change my position on that." The court on three separate occasions ruled that the underlying claims were meritless, regardless of who employed Cordova. Therefore, continuing to argue who was Cordova's actual employer would not change that.

Accordingly, it was unreasonable for Mire to continue to press an issue that the district court had already decided. *See Snow Ingredients*, 833 F.3d at 528. Such conduct is indeed sanctionable "either because [it was] made for an improper purpose *regardless of its merits* or because . . . even [if]

made in good faith, [it was] legally indefensible." *Id.* (emphasis added).[4]  It was therefore not a subjective belief that Mire's new "statutory employer" theory was frivolous that led to sanctions.  Instead, it was the objective view that it was improper for Mire to continue to attempt to relitigate an issue thrice rejected.  *See id.*

Mire's second argument is that the court's imposition of sanctions "will result in a chilling effect on the duty of lawyers to report judicial/attorney misconduct."  We are puzzled as to how this helps Mire's position, as she insists in her reply brief she was *not* sanctioned for raising the issue of a potential conflict of interest.  Whether aimed at reporting a potential conflict of interest or at her multiple other claims of professional and criminal misconduct, her argument lacks merit because she was not sanctioned for raising these issues.  Because she fails to address the basis for the district court's decision to impose sanctions, we need not entertain this argument further.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (refusing to discuss legal issues that do not address the grounds for the district court's decision).

Mire's third argument is that the district court was without jurisdiction when it imposed sanctions because her appeal of the court's Rule 60(b) decision was pending.  "As a general rule the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal."  *Thomas v. Capital Sec.*

---

[4] The Lafayette General Defendants argue that Mire continues to press the issue of Cordova's employer as a tactic to delay an unfavorable *res judicata* ruling in state court.  Mire all but admitted to this in the Rule 60(b) motion by stating "[i]t is the pending exception of *res judicata* in state court that leaves Dr. Cordova with no choice but to file the foregoing motion."  Although we do not decide whether Mire's motive was improper, her persistence in litigating an issue that does not change the merits lends credence to the Lafayette General Defendants' claim.

Case 6:19-cv-01027-DJA Document 721 Filed 02/22/24 Page 15 of 17 PageID #: 8375
Case: 23-30335   Document: 72-1   Page: 12   Date Filed: 02/22/2024

No. 23-30335

*Servs., Inc.*, 812 F.2d 984, 987 (5th Cir. 1987). Nonetheless, an "exception is that . . . the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions. The basis for this exception is that attorney's fees/sanctions are matters collateral to the merits of the action." *Id.* Mire fails to address this longstanding precedent, despite the Lafayette General Defendants raising it in their brief. Mire "is unquestionably obligated to recognize contrary authority." *Johnson v. Lumpkin*, 76 F.4th 1037, 1038 (5th Cir. 2023). The district court had jurisdiction to impose sanctions.

Mire also argues the court improperly accepted new evidence during the sanctions hearing, which "encompassed issues that were pending on appeal that the district court lacked jurisdiction to decide." She contends the district court's use of this evidence to find she acted in bad faith violated due process and the "snapshot rule" that evaluates an attorney's actions at the time they were taken. The new evidence was Cordova's 2017 and 2018 W-2 forms, which purportedly showed that Cordova was not paid by any of the Lafayette General Defendants while a resident. Mire argues it was error to consider this evidence because the Lafayette General Defendants "did not lay the proper foundation to establish" that Mire possessed or knew about these documents at the time she filed the untimely Rule 60(b) motion.

Mire's argument mischaracterizes the scope of the "snapshot" rule and how it relates to the reasonableness of attorneys' conduct. When evaluating the reasonableness of an attorney's factual inquiry under Rule 11, courts assess various factors, including "the time available to the signer for investigation . . . [and] the feasibility of a prefiling investigation." *Smith*, 960 F.2d at 444. Mire has been representing Cordova in this matter since at least 2018. Mire filed the untimely Rule 60(b) motion in July 2022. Thus, at least three or four years had elapsed from the time the W-2s came into existence and could easily have been obtained by Mire and/or Cordova at the time Mire

12

filed the Rule 60(b) motion. Under the "snapshot" rule, Mire had ample time to investigate the identity of Cordova's true employer, including to review relevant documents such as W-2s and paystubs, before signing the Rule 60(b) motion. *See id.* The Lafayette General Defendants were not required to lay a foundation to establish that Mire possessed or knew about these documents when she filed the Rule 60(b) motion. Instead, it was Mire's *lack of inquiry*, as evidenced by the W-2s and other record evidence, that made her conduct objectively unreasonable.[5] This was well within the district court's discretion to consider.

The district court did not err in its sanction order.

### II. The Lafayette General Defendants' Appellate Rule 38 motion

The Lafayette General Defendants have moved for damages under Appellate Rule 38. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Fed. R. App. P. 38.

Almost a year ago, we wrote that "Cordova has repeatedly refused to heed the district court's warnings about 'unreasonable attempts at continuing this litigation' with an untimely and also meritless Rule 60(b) motion." *Cordova II*, 2023 WL 2967893, at *3. That appeal was frivolous. *Id.* Despite our warning, frivolous arguments to the district court continued. In its Rule 11 order, the district court again warned that Cordova "may expose himself to liability if he continues to seek justifications to reopen this suit." The district court further warned both Cordova and Mire that although it refrained from sanctioning them under 28 U.S.C. § 1927, "the

---

[5] Even if the district court erred in considering the W-2s specifically, the district court also considered other documentation in Cordova's LSU residency file, on the record since the summary judgment stage, that demonstrate Mire's lack of reasonable inquiry.

standard might be met with further abusive litigation tactics." It awarded attorney fees and costs in the hope that this would "deter any more frivolous arguments and filings."

Unfortunately, the Rule 11 sanctions did not deter yet another frivolous appeal.

We GRANT the Lafayette General Defendants' Rule 38 motion. As before, "[w]e believe the district court is in the best position to set an appropriate sanction." *Cordova II*, 2023 WL 2967893, at *3. Therefore, we REMAND for the district court to determine the appropriate sanctions, attorney fees, and costs for this appeal.

AFFIRMED, MOTION GRANTED, and case REMANDED.