UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **J. CORY CORDOVA** | **CASE NO. 6:19-CV-01027** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA STATE UNIVERSITY AGRICULTURAL & MECHANICAL COLLEGE BOARD OF SUPERVISORS, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Plaintiff, through former counsel Christine M. Mire, unsuccessfully appealed this court's order [doc. 175] granting the Lafayette General defendants' Motion for Attorney Fees and Motion for Bill of Costs [doc. 170] following the court's entry of sanctions [doc. 169] against plaintiff. *See* doc. 179 (Notice of Appeal). The Fifth Circuit then awarded attorney fees and costs to the Lafayette General defendants under Federal Rule of Appellate Procedure 38, remanding the matter to this court for a calculation of the amount due. Doc. 211. The undersigned added Ms. Mire as a respondent on the issue of the sanctions award and set briefing deadlines. Doc. 215.

The Lafayette General defendants have submitted documentation of $25,500.00 in attorney fees and $27.38 in costs in connection with the latest frivolous appeal in this matter. Upon review, the court finds the costs and fees to be well supported. Neither plaintiff nor Ms. Mire has filed a response to this submission and their time for doing so has passed. Accordingly, the court now determines "the appropriate sanctions, attorney

fees, and costs" for the appeal payable by plaintiff and/or Ms. Mire under Federal Rule of Appellate Procedure 38. Doc. 211, p. 17.

In granting the Lafayette General defendants' Rule 38 motion, the Fifth Circuit noted:

> Almost a year ago, we wrote that 'Cordova has repeatedly refused to heed the district court's warnings about 'unreasonable attempts at continuing this litigation' with an untimely and also meritless Rule 60(b) motion.' That appeal was frivolous. Despite our warning, frivolous arguments to the district court continued. In its Rule 11 order, the district court again warned that Cordova 'may expose himself to liability if he continues to seek justifications to reopen this suit.' The district court further warned both Cordova and Mire that although it refrained from sanctioning them under 28 U.S.C. § 1927, 'the standard might be met with further abusive litigation tactics.' It awarded attorney fees and costs in the hope that this would 'deter any more frivolous arguments and filings.'
> Unfortunately, the Rule 11 sanctions did not deter yet another frivolous appeal.

*Id.* at 16–17 (internal citations omitted).

Sanctions under Rule 38 serve two purposes: "They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration." *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578 (Fed. Cir. 1991). "Though the language of Rule 38 does not explicitly provide for sanctions against attorneys, there is ample precedent . . . for imposing Rule 38 sanctions on an attorney as well as on the client." *Romala Corp. v. United States*, 927 F.2d 1219, 1225 (Fed. Cir. 1991). Appellate counsel may also be held solely liable for these sanctions. *Rennie v. Dalton*, 3 F.3d 1100, 1111 (7th Cir. 1993).

The Fifth Circuit's ruling provides no indication as to whether Ms. Mire, Dr. Cordova, or both should be liable for the award made under Rule 38. As the panel noted,

numerous sanctions awards have been issued in this matter against either plaintiff or plaintiff and Ms. Mire jointly based on their frivolous legal arguments and unjustified continuation of this suit. *See* doc. 169 (setting forth full procedural history, including efforts to revive claims dismissed by this court in a new suit filed in state court). The Lafayette General defendants represent, however, that Cordova paid the last sanctions award made by this court and the funds have cleared. Doc. 213. The court therefore granted Ms. Mire's motion to withdraw. There is no indication that Ms. Mire, the architect of the numerous frivolous legal arguments advanced in attempts to continue this litigation over the last four years, has not paid a dime of Lafayette General's significant legal costs. At the same time, plaintiff has sufficient means as a physician and has consented to the perpetuation of this vexatious litigation. Accordingly, the court determines that 50% of the award will be payable by plaintiff personally and 50% by Ms. Mire.

As for the amount due, the measure of damages under Rule 38 is the amount of attorney fees and costs actually expended by the appellee. *Sun-Tek Indus., Inc. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir. 1989). This amount may be doubled if the court finds that there is a history of frivolous and vexatious litigation. *E.g.*, *Bridgewater Oper. Corp. v. Feldstein*, 346 F.3d 27, 31 (2d Cir. 2003). The court notes that at least no appeal has been taken of its latest order and that plaintiff and Ms. Mire have parted ways. Despite the long and vexatious history of her representation in this matter, the undersigned is hopeful that her personal liability will be sufficient to deter similar conduct in future cases.

Accordingly, the court will award the full costs ($25,527.38) as sanctions under Federal Rule of Appellate Procedure 38. Ms. Mire and plaintiff each owe $12,763.69 to the Lafayette General defendants, payable within 90 days of this ruling.

**THUS DONE AND SIGNED** in Chambers on the 28th day of June, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**